190 So.2d 575 (1966)
Leatha Fleeman ARLT, Petitioner,
v.
T.A. BUCHANAN, As Sheriff of Metropolitan Dade County, Theodore Wilisch and Coral Construction, a Florida Corporation, Respondents.
No. 34712.
Supreme Court of Florida.
September 28, 1966.
*576 Robertson, McLeod & Maloy, Coral Gables, and Homer Q. Kimbrell, Miami, for petitioner.
Sponder & Bloom, Miami, for respondents.
O'CONNELL, Justice.
We have for review by certiorari a decision of the District Court of Appeal, Third District, reported as Coral Construction Corp. v. Arlt, Fla.App. 1965, 177 So.2d 890, reversing an order of the chancellor denying a motion to dismiss the complaint. The facts appear to be these: One Wilisch won a judgment in the civil court of record in the amount of $4,125 against the petitioner. The validity of this judgment is not challenged here. Upon nonpayment of that judgment, execution was levied against certain real property owned by petitioner. Pursuant to this execution, the respondent, who is sheriff of Dade County, advertised for an execution sale to be held, at a time specified, at the south front door of the Dade County courthouse. The respondent Coral Construction Corporation was the successful bidder.
Petitioner filed an amended complaint to enjoin the sheriff from executing and delivering a deed to the Coral Construction Corporation and to avoid the sale. The essential allegations of the complaint were: (1) that the sheriff's sale was not conducted at the south front door of the courthouse, as advertised and required by law, but at the information booth near the elevators on the west side of the lobby, some distance from said door; (2) that the successful bid was in the amount of $1,000 for property which has an appraised value of $102,000, subject to a $40,000 mortgage; (3) that the respondent corporation was permitted to pay by check rather than in cash, as stipulated in the advertisement; and (4) that the petitioner was present at the time and place advertised, for the purpose of satisfying the judgment. The chancellor denied motions by all parties for summary judgment and also a motion to dismiss the complaint, and the respondent Coral Construction Corporation took an interlocutory appeal from this denial.
On appeal, the district court reversed on a ground not urged by either party, holding "that an equity court does not have jurisdiction to enjoin execution sales unless fraud is clearly, positively and unequivocally asserted as a basis for such relief." As precedent, the district court cited the decision of this Court in Parrish v. Joyner, Fla. 1951, 54 So.2d 50, and its own decision in Goldfarb v. J.A. Cantor Associates, Inc., Fla.App. 1960, 123 So.2d 50.
Neither of the cases cited by the district court, nor any of the cases cited in either of them, support its decision.
In the Joyner case, the defendant sought to prevent, not set aside, a sheriff's sale after levy of execution. As noted in the opinion, the complaint contained "* * * no allegation that the execution, the proceedings upon which it was based, or the advertisement were in any way illegal, irregular or improper, * * *" There being no complaint about the proceedings incident to the proposed sale, this Court *577 correctly stated that it was necessary that fraud in the procurement of the judgment be shown. But there is nothing in that decision which holds that harmful irregularity or defect in the proceedings incident to such a sale, as opposed to fraud, is not sufficient to state a cause of action in a suit to set aside such a sale as distinguished from a collateral action to vacate a judgment.
The district court's reliance upon our decision in Joyner as authority for its decision in this case, which involves a situation materially at variance with that in Joyner, is sufficient to give us jurisdiction. Pinkerton-Hays Lumber Co. v. Pope, Fla. 1961, 127 So.2d 441; McBurnette v. Playground Equipment Corp., Fla. 1962, 137 So.2d 563; and Cole v. Exchange National Bank of Chicago, Fla. 1966, 183 So.2d 195.
While it is not relevant as to conflict jurisdiction, since it was rendered by the same district court, the Goldfarb case does not support the decision of the district court in this case. It, too, involved a wholly different situation than this case. As pointed out in the Goldfarb opinion, Cantor Associates, the plaintiff in that complaint to enjoin levy and execution on a judgment (apparently rendered against a third party), was merely dissatisfied by not being included in the judgment. The complaint did not attack the validity of the judgment and, more significant here, did not allege that the proceedings incident to the levy and execution were irregular or defective in any way.
This is not the situation in the case now before us. Here the petitioner does not challenge the validity of the judgment. She alleges and contends only that the execution sale was conducted with material irregularity resulting in damage and injustice to her that ought to shock the conscience of a court of equity.
The setting aside or prevention of consummation of an execution sale for material irregularities by a timely filed action is a far different thing than a collateral action to vacate a judgment regular on its face. True, the actions of the executing officer are presumed valid and regular, and the burden is on the one who would show them to be otherwise. But, to limit equitable relief from injustice and harmful effect resulting from irregularities in proceedings incident to an execution sale to those cases in which "* * * fraud is clearly, positively and unequivocally asserted as a basis for such relief" makes the burden of proof unreasonable, if not insurmountable. To require the same facts to be alleged as a predicate to enjoining the delivery of a sheriff's deed in consummation of execution sale as is required to set aside a judgment gives to execution proceedings greater sanctity than they deserve.
As noted above, the basis of petitioner's complaint is that because the sheriff conducted the sale at a place different than advertised she was not present to pay the judgment with result that a property with an appraised value of $102,000, subject only to a $40,000 mortgage, was sold for $1,000
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. Lawyers' Co-operative Pub. Co. v. Bennett, 1894, 34 Fla. 302, 16 So. 185; City of Sanford v. Ashton, 1938, 131 Fla. 759, 179 So. 765; Eristavi-Tchitcherine v. Miami Beach Federal Savings & Loan Ass'n, 1944, 154 Fla. 100, 16 So.2d 730; and Washington Sec. Co. v. Tracy's Plumbing & Pumps, Inc., Fla.App. 1964, 166 So.2d 680. Also see 33 C.J.S. Executions § 234.
The chancellor was apparently of the view that the petitioner had alleged sufficient grounds for setting aside the *578 sheriff's sale, and on respondent's motions to dismiss he was bound to consider the allegations as true. We think the chancellor acted correctly in denying the motions to dismiss thereby giving petitioner the opportunity to prove, if she can, that there were material irregularities in the proceedings incident to the sale and that they resulted in injustice being done to her as alleged.
For the foregoing reasons, the writ is issued and the subject opinion of the district court is quashed with directions to reinstate the order of the chancellor.
It is so ordered.
THORNAL, C.J., and ROBERTS and DREW, JJ., concur.
THOMAS, J., dissents.