PER CURIAM.
This interlocutory appeal is from an order of the trial court which denied the motion of the fee owners, who were the defendants in the foreclosure action, to vacate a foreclosure sale. The trial judge set the motion for an evidentiary hearing and upon the conclusion thereof entered his order denying the motion on the following grounds:
“The Court finds that the movant has failed to demonstrate that the Clerk’s sale conducted March 22, 1976, should be set aside and not confirmed. It was not made to appear (a) that the conduct of the City of Miami (through its agents and employees), while perhaps not laudatory, had the effect of curtailing or restraining the bidding or free will of the persons attending the sale (because at that point the bidding was confined to Defendant, *366 SANGER, and the City of Miami and Defendant, SANGER, continued to bid), or (b) that in the event a resale was ordered and conducted, it would produce a bid at least equal to the sum bid by ANDREW P. CROUCH.”
The salient facts upon which the defendants relied in support of their motion is that the property foreclosed is adjacent to property owned and designated by the City of Miami for the construction of a convention center. At the foreclosure sale, two persons were authorized to bid for the City. The first was Donal Stewart, the property manager and purchasing representative for the City. Stewart bid on the property until his bid reached $111,000. When this bid was bettered, Stewart announced that this was his last bid and then left the sale. The bidding continued and the eventual successful bidder was Andrew Crouch, whose bid was $140,000. Upon the property being sold to him, Mr. Crouch tendered a City of Miami check for the required deposit and revealed that he also was bidding for the City of Miami.
The question before the trial court was whether the City, by the use of two bidders, was guilty of fraud or collusion so as to render the sale illegal. See Arlt v. Buchanan, 190 So.2d 575 (Fla.1966), and cases cited therein.
Appellant urges that the procedure followed by the City was illegal but we know of no authority which makes it unlawful for a prospective purchaser to authorize two individuals to bid upon property at a foreclosure sale. Appellant has failed to cite authority for this proposition. In view of the trial court’s finding, which was based upon a full evidentiary hearing, that the circumstances set forth did not depress or restrain the bidding and our own conclusion, from a review of the record of the evidentiary hearing, that this finding is supported by the record, we are unable to say that as a matter of law the trial court’s order denying the owner’s motion was error.
Affirmed.