381 So.2d 1184 (1980)
Edward S. KAPLAN, Appellant,
v.
DADE FEDERAL SAVINGS AND LOAN ASSOCIATION OF MIAMI, a United States Corporation, Delmy Patricia Samour, et al., Appellees.
No. 78-1618.
District Court of Appeal of Florida, Fourth District.
March 26, 1980.
Rehearing Denied April 24, 1980.
*1185 Walter Wolf Kaplan and Cecil T. Farrington, Fort Lauderdale, for appellant.
Robert C. Scott of Berryhill, Avery, Williams & Scott, Fort Lauderdale, and Harris & Sirkin, P.A., Miami, for appellee, Bank.
BERANEK, Judge.
This is an appeal from an order entered by the Circuit Court vacating a judicial sale of real property. We affirm. Appellee, Dade Federal Savings and Loan Association of Miami, obtained a final judgment of foreclosure in the amount of $34,472.13 against a condominium parcel. Pursuant to order the property was to be sold for cash to the highest bidder on a specified date. The sale was supervised by the Clerk of the Circuit Court for Broward County. In attendance at the sale was an individual representing appellee, Dade Federal Savings and Loan Association. Appellant was the eventual purchaser.
The subject property came up for sale and the Savings and Loan Association representative bid $100. At that point, appellant, who was present only as a casual observer, directed a question to the clerk's representative. Appellant asked the clerk what the amount of the mortgage on the property was. The clerk responded to the question by asking the lender's representative the amount of the mortgage. The lender's representative attempted to answer this question but was not certain of her information regarding the mortgage indebtedness. She stated the amount of the mortgage to be $15,000 which was incorrect. Immediately thereafter appellant bid the sum of "$150" or "150." Lender's representative understood the bid to be $150,000. The property was then struck off to appellant for $150. Almost simultaneously lender's representative announced that she thought the sale had been for $150,000.
In response to prompt objections regarding the confusion, the clerk simply told both parties to take the court file to a judge. Eventually, Dade Federal Savings and Loan Association filed an objection to the sale and a motion to set the sale aside. This matter was set before the Circuit Court which heard testimony from most of the individuals attending the sale. The successful bidder, Mr. Kaplan, who bought the property for $150, appeals the Court's order setting aside the sale.
In Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1974), the rule regarding such matters is stated as follows:
While the general rule is that inadequacy of price standing alone is not a ground for setting aside a judicial sale, where the inadequacy is gross and is .. shown to result from a mistake, accident, surprise, fraud, misconduct or irregularity on the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, the court will act to prevent the wrong result. Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185; City of Sanford v. Ashton, 131 Fla. 759, 179 So. 765; Eristavi-Tchitcherine v. Miami Beach Federal Savings & Loan Assn., 154 Fla. 100, 16 So.2d 730; Arlt v. Buchanan, Fla. 1966, 190 So.2d 575, 577.
To the same effect is Moore v. Dade Glass and Mirror Co., 357 So.2d 221 (Fla. 3d DCA 1978).
Here the trial court heard evidence and made extensive factual findings. All elements necessary for setting aside a foreclosure sale were found to be present and we cannot fault the trial court in these factual findings which had a clear basis in the evidence. The sale price of $150 was shown to be grossly inadequate. We further hold that the finding of confusion, mistake and surprise in the sale procedures is well supported by the record. There may well have *1186 been fault on the part of the lender's representative. The confusion was at least partially due to a question asked during the bidding by the successful bidder Kaplan. The confusion was further heightened and prompted by the Clerk's action when instead of simply disregarding the question, the clerk turned to a person engaged in bidding and reasked the question of the bidder. The bidder did not know the answer but attempted to check her notes. The bidder gave an incorrect answer to a question which she should not have been required to answer while in the process of bidding. Her answer was given almost simultaneously with the misunderstood bid of "$150" or "150" by the opposing bidder. The combination of these circumstances, which were the fault of the successful bidder, the clerk and the unsuccessful bidder, were sufficient to render the sale subject to being set aside when coupled with the inadequacy of the sale price.
We therefore conclude that no error has been demonstrated and the court's order setting aside the foreclosure sale is hereby affirmed.
AFFIRMED.
DOWNEY, C.J., and LETTS, J., concur.