643 So.2d 1149 (1994)
Stanley A. MOODY, a/k/a S.A. Moody, Appellant,
v.
GLENDALE FEDERAL BANK, Appellee.
No. 94-1032.
District Court of Appeal of Florida, Third District.
October 5, 1994.
Rehearing Denied November 2, 1994.
Lawrence Natinsky, Coral Gables, for appellant.
Smith & Hiatt, and Robert W. Lee, Fort Lauderdale, for appellee.
Before SCHWARTZ, C.J., and NESBITT and LEVY, JJ.
SCHWARTZ, Chief Judge.
The order setting aside the result of a foreclosure sale is reversed because the $45,000.00 successfully bid for the property, which was not shown to be worth more than the $62,341.99 amount[1] of the foreclosure judgment, did not constitute the "gross" or "startling inadequacy" which is a prerequisite to the granting of that relief. Arlt v. Buchanan, 190 So.2d 575, 577 (Fla. 1966); Maule Indust., Inc., v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla. 1956) (sale for 70% of assumed valuation of property not so inadequate so as to justify setting sale aside).[2] The cases in which that relief was *1150 properly granted involve situations in which a very small, usually only nominal, amount has been bid for property of substantial value. See Arlt, 190 So.2d at 575 (property with appraised value of $102,000 sold for $1,000); Fernandez v. Suburban Coastal Corp., 489 So.2d 70 (Fla. 4th DCA 1986) (property valued at $54,300 sold for $100): Kaplan v. Dade Fed. Sav. & Loan Ass'n, 381 So.2d 1184 (Fla. 4th DCA 1980) (final judgment of foreclosure of $34,472.13 on property sold for $150), pet. for review denied, 389 So.2d 1111 (Fla. 1980).
Reversed.
NOTES
[1] A representative of the mortgagee-appellee was authorized to bid in the property at only slightly more than this figure but did not do so  thus giving rise to this case  because he became confused between his instructions as to this parcel and another offered at the same sale.
[2] This holding renders it unnecessary to reach the rather more difficult question of whether what happened during the bidding, see supra note 1, amounted to a cognizable "mistake, accident, surprise, fraud, misconduct or irregularity" which is also required to set aside a judicial sale. Arlt v. Buchanan, 190 So.2d 575, 577 (Fla. 1966). Compare Wells Fargo Credit Corp. v. Martin, 605 So.2d 531 (Fla. 2d DCA 1992), cause dismissed, 613 So.2d 13 (Fla. 1993) with Kaplan v. Dade Fed. Sav. & Loan Ass'n, 381 So.2d 1184 (Fla. 4th DCA 1980), review denied, 389 So.2d 1111 (Fla. 1980).