COBB, Judge.
Aames Capital Corporation appeals the denial by the circuit court of its motion to set aside the foreclosure sale which motion asserted that the amount of $46,682.23 paid by the successful bidders was grossly inadequate. The final judgment in the foreclosure action in favor of Aames, which gave rise to the sale, was in the amount of $126,661.94.
Some seven days after the sale to the Smilovskys, who are appellees herein, Aames filed an objection to the sale and a motion to set it aside. At an evidentiary hearing the trial court heard evidence that the value of the property at the time of sale was between $85,000.00 and $135,000.00, and that the property required extensive repair. The trial court determined that the property was worth only $85,000.00 and that the sale price was equal to fifty six percent (56%) of the value of the property — which amount was not “grossly inadequate” in the eyes of the court.
The general rule to be applied in cases such as this was set forth by the Florida Supreme Court in the case of Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966):
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale, but where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
In Arlt, the successful bid was $1,000.00 for property appraised at $102,000.00. The court deemed this to be a grossly inadequate sale price. Some ten years prior to Arlt, however, the Florida Supreme Court had upheld a sale price of seventy percent (70%) of the property value, finding that such was not “grossly inadequate.” Maule Industries, Inc. v. Seminole Rock and Sand Company, 91 So.2d 307 (Fla.1956).
At the appellate court level in Florida, a sale bid of seventy two percent (72%) of the property value was upheld in Moody v. Glendale Federal Bank, 643 So.2d 1149 (Fla. 3d DCA 1994). On the other hand, the Fourth DCA invalidated such a sale when the price was only nineteen percent (19%) of the prop *1075 erty value. Alberts v. Federal Home Loan Mortgage Corporation, 673 So.2d 158 (Fla. 4th DCA 1996). In a case involving a successful bid of approximately fifty percent (50%) of the property value, which did not satisfy the final judgment, the First DCA emphasized the discretion of the trial judge and upheld the sale. Guerra v. Mutual Federal Savings & Loan Association, 194 So.2d 15 (Fla. 1st DCA 1967).
Based upon the extant authority from the Florida Supreme Court and our sister courts in Florida, it is our determination in the instant ease that the exercise of the trial court’s discretion must be upheld.
AFFIRMED.
GRIFFIN, C.J., and ANTOON, J., concur.