747 So.2d 1016 (1999)
Suresh MODY and Richard Cava, Appellants,
v.
CALIFORNIA FEDERAL BANK, Appellee.
No. 99-1864.
District Court of Appeal of Florida, Third District.
December 15, 1999.
*1017 Gelb & Spatz and Carl A. Spatz, Miami, for appellants.
Robert Barnett, Miami, for appellee.
Before JORGENSON, LEVY, and GREEN, JJ.
PER CURIAM.
Suresh Mody and Richard Cava ("Trustees") appeal the trial court's Order vacating the sale of foreclosed property and ordering a resale of the property on the grounds that the foreclosure sale bid was grossly inadequate and that said inadequacy resulted from a mistake by California Federal Bank ("California Federal"). We reverse.
On February 19, 1999, California Federal's bidding agent attended a foreclosure sale with the intention of bidding up to $239,200 on the subject property. At the same foreclosure sale, California Federal's bidding agent bid on three other pieces of property. However, the bidding agent missed the Clerk's call of the sale on the subject property and failed to make any bid on said property because he had been furnished a different case name. Ultimately, the Trustees were the highest bidders for the subject property with a bid of $202,000.
California Federal subsequently filed an objection to the sale and moved to vacate the sale. On May 27, 1999, the trial court held an evidentiary hearing on the matter. At the evidentiary hearing, California Federal argued that its bidding agent had failed to bid on the property by mistake and that Trustees' bid was grossly inadequate. With regards to the value of the foreclosed property, the trial court was presented with several different value figures. Trustees' expert claimed that the property's value was $225,000. California Federal's expert claimed that the property was worth $300,000. The property's assessed value for real estate tax purposes was $252,612. On June 22, 1999, the trial court entered an Order vacating the foreclosure sale of the property and ordering a new sale. In relevant part, the Order states:
The court has thoroughly reviewed the reports of the appraisers and evaluated their testimony, including their demeanor while testifying. Because they used different comparables in reaching their opinions of value, it has been difficult for the Court to place a precise dollar value on the land sold. However, the Court is convinced, and so finds, that the purchase price at the sale, $202,000, was sufficiently low enough, and the difference between the land value and sale price sufficiently great enough, to persuade the Court that, when coupled with the mistake or inadvertence demonstrated by the evidence, constitutes sufficient grounds for this Court to grant equitable relief in order to do justice and prevent the wrong result.
Trustees appealed to this Court.
In order to vacate a foreclosure sale, the trial court must find: (1) that the foreclosure sale bid was grossly or startlingly *1018 inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale. See Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966); Maule Indus., Inc. v. Seminole Rock and Sand Co., 91 So.2d 307, 311 (Fla.1956). As to the first requirement, the Florida Supreme Court has found that a foreclosure sale bid amounting to 70% of the value of the foreclosed property is not a startling inadequacy. Maule Indus., Inc., 91 So.2d at 311. Likewise, this Court has similarly found that a foreclosure sale bid amounting to 72% of the foreclosed property's value is not grossly or startlingly inadequate. See Moody v. Glendale Fed. Bank, 643 So.2d 1149 (Fla. 3d DCA 1994); see also Aames Capital Corp. v. Boswell, 713 So.2d 1074 (Fla. 5th DCA 1998)(refusing to set aside a foreclosure sale bid price amounting to 56% of the value of the foreclosed property). Furthermore, in Moody, this Court noted that the cases which properly granted motions to set aside foreclosure sales "involve[d] situations in which a very small, usually only nominal, amount ha[d] been bid for property of substantial value." Moody at 1149-50; see also Van Delinder v. Albion Realty & Mortgage, Inc., 287 So.2d 352 (Fla. 3d DCA 1973) (setting aside a foreclosure sale where property of substantial value sold for $50); Subsaro v. Van Heusden, 191 So.2d 569 (Fla. 3d DCA 1966) (setting aside a foreclosure sale where property of substantial value sold for $700).
In the instant matter, three potential values for the foreclosed property were offered to the trial court. The trial court chose not to assign a particular value to the subject property based upon the expressed difficulty of evaluating the values given by the different property appraisers. We understand that valuation of property is a complicated process. However, we find that the trial court erred by not, at the very least, assigning the property a range of values. Nevertheless, we find that it is unnecessary to remand this case to the trial court for the purpose of assigning the property a value because, even if the highest appraisal value of $300,000 is used, Trustees' $202,000 foreclosure bid price is not grossly or startlingly inadequate. The three possible values for the subject property that were presented to the trial court were $225,000, $252,612 and $300,000; hence, Trustees' $202,000 bid was either 89.8%, 80% or 67.3% of these possible values, respectively. In light of the aforementioned cases, we find Trustee's $202,000 bid price to be adequate no matter which of these values is assigned to the property.
It is unnecessary to for us to consider the second requirement regarding "mistake, fraud or other irregularity in the sale" on this appeal because the first element was not satisfied.
Accordingly, we reverse the Order vacating the foreclosure sale.