791 So.2d 1125 (2000)
Leo CUETO, Shiela Cueto, Norman Zlinkoff and Ester Zlinkoff, Appellants,
v.
MANUFACTURERS & TRADERS TRUST COMPANY, Christos Evangelos Marinos and Kerry Lynn Dean Marinos, et al., Appellees.
No. 4D00-760.
District Court of Appeal of Florida, Fourth District.
December 6, 2000.
*1126 Glenn D. Kelley of Kelley & Warren, P.A., West Palm Beach, for appellants.
Steven L. Perry of McCarthy, Summers, Bobko, Wood, Sawyer & Perry, P.A., Stuart, for appellees Christos Evangelos Marinos and Kerry Lynn Dean Marinos.
STEVENSON, J.
We have for review an order of the trial court vacating a certificate of sale, a certificate of title, and a summary final judgment of foreclosure on the ground that equity required the court to permit the Marinoses, the original homeowners, to redeem the property. The appellants, purchasers of the home at a foreclosure sale, contend that the trial court erred in setting aside the judicial sale because (1) the statutory time within which the Marinoses had to redeem the property had passed and (2) the trial judge failed to make the findings necessary to support a decision to set aside the sale. We agree on both counts and reverse.
"The right of redemption is a valued and protected equitable right of the mortgagor to reclaim his estate in foreclosed property after it has been forfeited, at law, by paying the amount of the debt, interest and costs." Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996)(citing CCC Properties, Inc. v. Kane, 582 So.2d 159 (Fla. 4th DCA 1991)). The legislature, however, has seen fit to limit the time within which the right of redemption may be exercised. Section 45.0315, Florida Statutes (1999), provides that a mortgagor may exercise his or her right of redemption "[a]t any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment... of foreclosure." In the instant case, the final judgment of foreclosure provided that upon the filing of the certificate of title, the Marinoses, and those claiming under them, lost all interest in the property. Here, the certificate of sale was filed on October 29, 1999, and the certificate of title on November 9, 1999. The Marinoses did not seek to exercise their right of redemption until November 16, 1999; by that time, their right to redemption had been extinguished under the statute.
The Marinoses do not dispute that their attempt to exercise their right of redemption was untimely. Instead, the Marinoses contend that the trial court nonetheless had the authority to set aside the judgment of foreclosure and the sale pursuant to Florida Rule of Civil Procedure 1.540(b), permitting relief from a judgment based upon a showing of "mistake, inadvertence, surprise, or excusable neglect." Vacation of a foreclosure sale under rule 1.540(b) requires that the trial judge find "(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale." See Mody v. California *1127 Fed. Bank, 747 So.2d 1016, 1017-18 (Fla. 3d DCA 1999). In Fernandez v. Suburban Coastal Corp., 489 So.2d 70, 71 (Fla. 4th DCA 1986), the court explained
It is a long standing rule that inadequacy of price alone is not sufficient to set aside a judicial sale. However, where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result. (citations omitted).
Here, the Marinoses can satisfy neither prong of this two-part test.
First, the trial court expressly found that the purchase price at the foreclosure sale was not "grossly" inadequate. And, second, Mrs. Marinos' failure to inform her husband of the foreclosure action, of the sale, and of the receipt of the certificate of title is not the type of surprise or mistake that will permit the setting aside of a judicial sale.
The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment....
... Appellees have not cited, nor are we cognizant of, any authority which would support the proposition that a party can gain relief from a judicial sale solely by reference to that party's own lack of diligence.
John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA 1980).
In sum, while we are sympathetic to the Marinoses' predicament, the law simply does not permit the setting aside of the judicial sale under the facts in this case. Accordingly, we reverse the order vacating the certificate of sale, certificate of title, and summary final judgment of foreclosure.
REVERSED and REMANDED.
POLEN and TAYLOR, JJ., concur.