801 So.2d 218 (2001)
BLUE STAR INVESTMENTS, INC., Appellant,
v.
Britt A. JOHNSON and BA Mortgage, LLC, Appellees.
No. 4D01-1799.
District Court of Appeal of Florida, Fourth District.
December 5, 2001.
*219 Jerome L. Tepps of Jerome L. Tepps, P.A., Fort Lauderdale, for appellant.
No brief filed for appellees.
GROSS, J.
Blue Star Investments, Inc. was the purchaser of a home at a foreclosure sale. Blue Star purchased the home for $41,459.10; the appraised value of the home was $60,000. Eleven days after the sale, the mortgagor moved to set the sale aside. As grounds, the mortgagor demonstrated that the mortgagee, BA Mortgage, LLC, had agreed to extend the date for the foreclosure sale, but no one took any steps to effectuate the extension. The trial court set aside the foreclosure sale, conditioned on the payment of the mortgage obligation in full. Blue Star timely appealed.
We reverse because the record does not demonstrate that the mortgagor made the two part showing required before a judge may vacate a foreclosure sale.
In Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966), the supreme court set forth the general rule regarding the setting aside of foreclosure sales:
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Thus, to vacate a foreclosure sale, the trial court must find "(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale." Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000) (quoting Mody v. Cal.Fed. Bank, 747 So.2d 1016, 1017-18 (Fla. 3d DCA 1999)).
This case fails the first requirement of the test. The purchase price was 69.09% of the property's appraised value, an amount that is not grossly or startlingly inadequate. See Mody, 747 So.2d at 1018 (holding that sale bid of 67.3% of the highest appraisal value not grossly inadequate); Moody v. Glendale Fed. Bank, 643 So.2d 1149, 1149 (Fla. 3d DCA 1994) (finding that sale for 72.18% of property's value not grossly inadequate). Generally, cases where foreclosure sales have been properly vacated have involved "situations in which a very small, usually only nominal, amount has been bid for property of substantial value." Id. at 1150. For example, *220 in Kaplan v. Dade Federal Savings and Loan Ass'n of Miami, 381 So.2d 1184, 1185 (Fla. 4th DCA 1980), we found that a sale price of $150 was "grossly inadequate" for a property where the final judgment of foreclosure was in the amount of $34,472.13.
We reverse the order setting aside the foreclosure sale.
GUNTHER and WARNER, JJ., concur.