816 So.2d 1256 (2002)
Angelo INGORVAIA, Appellant,
v.
James C. HORTON, Appellee.
No. 2D01-4075.
District Court of Appeal of Florida, Second District.
May 31, 2002.
Ronald L. Collier and Scott A. Haas of Abel, Band, Russell, Collier, Pitchford & Gordon, Chartered, Sarasota, for Appellant.
David A. Altier and William A. Dooley of Dooley & Drake, P.A., Sarasota, for Appellee.
WHATLEY, Judge.
Angelo Ingorvaia appeals the order vacating the foreclosure sale at which he was the highest bidder for property upon which James C. Horton had obtained a foreclosure judgment. We affirm.
Bay Financial Savings Bank was the original mortgagee of the property. It commenced the foreclosure action and named Horton, the holder of the second mortgage on the property, and Robert W. and Bernadine P. Pollanz, the mortgagors, as the defendants. Horton subsequently purchased Bay Financial's interest in the property, and Bay Financial assigned him its note and mortgage.
At a hearing on April 24, 2001, a final default judgment of foreclosure was entered *1257 in favor of Horton. Prior to entry of the judgment, the trial court entered an order granting Horton's motion for substitution of transferee and directing that Horton be substituted as the plaintiff in the action. At the end of the order, Horton's counsel's name is listed as one of the persons to whom a conformed copy is to be furnished.
The foreclosure sale date was not set before the hearing concluded. The trial court advised the parties that a date would be set and inserted in the blank space left by Horton's counsel in the default judgment he drew up, and a copy of the judgment would be mailed by the court clerk in the envelopes provided by the attorneys. Horton's counsel provided envelopes addressed to himself, to Bay Financial's attorneys, and to the mortgagors. Bay Financial's attorneys had previously provided envelopes addressed to themselves, to Horton, and to the mortgagors. Before he left the courtroom, Horton's counsel spoke to the court clerk about the foreclosure sale date, and the clerk reiterated the trial court's pronouncement of the procedure that would be followed.
The court clerk mailed conformed copies of the default judgment of foreclosure, along with the notice of sale, both of which stated a foreclosure sale date of May 16, 2001.[1] The trial court found that it appears that only the envelopes provided by Bay Financial were used for this mailing. The notice of sale was duly published, but the style of the case was not changed to reflect that Horton was the plaintiff and Bay Financial was no longer a party to the action.
Horton's counsel did not receive his copies of the documents and neither he nor Horton attended the foreclosure sale. After learning that Ingorvaia had obtained the property at the foreclosure sale, Horton's counsel filed a motion to vacate the sale. The trial court granted Horton's motion after hearing the arguments of the parties and considering their written memoranda. In the order vacating the sale, the court found that the notice of sale was defective because of the court clerk's understandable failure to amend the caption of the case (because the order to amend was entered on the same day as the final judgment) and that Horton's counsel had not received it. The court concluded that these facts constituted a violation of due process and allowed it to exercise its equitable powers and set aside the sale.
In this appeal of that order, Ingorvaia argues that to set aside a foreclosure sale, one must satisfy the following test set forth in Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966):
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Ingorvaia asserts that because Horton is not contesting the adequacy of the bid price and presented no evidence regarding the value of the property on the date of foreclosure, he has failed to satisfy this test for vacating a foreclosure sale. The trial court ruled that this test is inapplicable to this case.
*1258 Horton contends that although Arlt sets forth the proper test where adequacy of the bid price is at issue, that test does not apply where adequacy of the bid price is not at issue. In the latter circumstance, Horton asserts, the supreme court's pronouncement in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561, 561 (1929), applies:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
Thus, Horton contends, in cases such as this one where adequacy of the bid price is not at issue, Brown allows a trial court to vacate a judicial sale absent a finding of gross inadequacy of the bid price.
Ingorvaia contends that Brown is no longer good law because it preceded Arlt and conflicts with Arlt. However, the supreme court characterized the above-quoted passage from Brown as an eloquent statement in an opinion rendered several years after Arlt. See Ohio Realty Inv. Corp. v. S. Bank of West Palm Beach, 300 So.2d 679 (Fla.1974). Although Ohio Realty involved an inadequate bid price as well as irregularity in the judicial sale, the supreme court did quote approvingly from Brown, and therefore, it cannot be said that Brown is no longer valid.
We understand that Brown appears to conflict with Arlt in that it states that gross inadequacy of price alone is a sufficient ground to set aside a foreclosure sale whereas Arlt requires that other grounds must also be proven. Our research leads us to believe, however, that Horton's argument presents the only logical reconciliation of the two cases. Since Arlt, Brown has been relied upon in cases like this one involving judicial sales in which there was no mention of the bid price as a ground asserted by the complaining party for the vacation of the sale. See Gulf State Bank v. Blue Skies, Inc. of Ga., 639 So.2d 161 (Fla. 1st DCA 1994) (affirming order setting aside judicial sale of real property in reliance on Brown because court found no abuse of trial court's discretion); U-M Publ'g, Inc. v. Home News Publ'g, Inc., 279 So.2d 379 (Fla. 3d DCA 1973)[2] (reversing final judgment of foreclosure and accompanying judicial sale in reliance on Brown because of accumulation of errors). In cases in which adequacy of price was an issue, the test set forth in Arlt has been applied. See Blue Star Invs., Inc. v. Johnson, 801 So.2d 218 (Fla. 4th DCA 2001); Cueto v. Mfrs. & Traders Co., 791 So.2d 1125 (Fla. 4th DCA 2000); Mody v. Cal. Fed. Bank, 747 So.2d 1016 (Fla. 3d DCA 1999).
We also find Horton's argument more persuasive because there is nothing in Arlt to suggest that the test set forth therein applies where adequacy of price is not at issue. As we noted in Sulkowski v. Sulkowski, 561 So.2d 416, 418 (Fla. 2d DCA 1990), in which we quoted both of the above-quoted passages from Arlt and Brown, "[c]ourts have held that the grounds or causes for equitable relief from a judicial sale include matters distinct from the inadequacy of price, as well as matters conjunctive with the inadequacy of price...." Indeed, as Horton also argues, to hold that a trial court may not vacate a foreclosure sale absent a grossly inadequate bid price would deprive the courts of *1259 their equitable powers and their duty to protect and preserve the integrity of the judicial sale process. See MacFarlane v. MacFarlane, 50 Fla. 570, 39 So. 995 (1908).
"Whether the complaining party has made the showing necessary to set aside a [foreclosure] sale is a discretionary decision by the trial court, which may be reversed only when the court has grossly abused its discretion." United Cos. Lending Corp. v. Abercrombie, 713 So.2d 1017, 1018 (Fla. 2d DCA 1998). When analyzing a trial court's exercise of its discretion, the appellate court is to determine whether "reasonable persons could differ as to the propriety of the action taken by the trial court." Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980). If reasonable persons could differ, then the court's action was not an abuse of discretion. Id.
Our examination of the record and the transcript of the hearing on the motion to vacate leads us to the conclusion that reasonable persons could differ as to the propriety of the trial court's setting aside of the foreclosure sale. Accordingly, we cannot say that the trial court abused its discretion in setting aside the sale, and we affirm.[3]
In light of our recognition of the apparent conflict between Arlt and Brown, we certify the following question to the supreme court as one of great public importance:
DOES THE TEST SET FORTH IN ARLT V. BUCHANAN, 190 So.2d 575, 577 (Fla.1966), FOR VACATING A FORECLOSURE SALE APPLY WHEN ADEQUACY OF THE BID PRICE IS NOT AT ISSUE?
Affirmed; question certified.
NORTHCUTT and STRINGER, JJ., Concur.
NOTES
[1] The foreclosure sale was scheduled in accordance with the statutory requirement that it be held no sooner than twenty days after entry of the final judgment and no later than thirty-five days thereafter. § 45.031(1), Fla. Stat. (2000).
[2] The Third District has also cited Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929), in a citation per curiam affirmance. See Rashid v. Veliz, 465 So.2d 569 (Fla. 3d DCA 1985).
[3] Nothing in this opinion should discourage counsel from the exercise of due diligence. See Cueto v. Mfrs. & Traders Trust, 791 So.2d 1125 (Fla. 4th DCA 2000). We are not unmindful that Horton's counsel did not follow up with the clerk or otherwise inquire as to why he had not received a copy of the documentation containing the foreclosure sale date.