930 So.2d 674 (2006)
ACTION REALTY AND INVESTMENTS, INC., a Florida corporation, Appellant,
v.
Halima GRANDISON and Mortgage Electronic Registration Systems, Inc., Appellees.
No. 4D05-1160.
District Court of Appeal of Florida, Fourth District.
March 15, 2006.
Rehearing Denied July 10, 2006.
*675 Jerome L. Tepps of Jerome L. Tepps, P.A., Fort Lauderdale, for appellant.
Lisa Walsh of Gonzalez & Walsh LLP, and Kenneth Walton of The Walton Law Firm, Miami, for appellee Halima Grandison.
WARNER, J.
Action Realty and Investments, Inc., a purchaser of the home of appellee, Halima Grandison, at a foreclosure sale, appeals an order of the circuit court setting aside the sale. The court determined that a title company which was responsible for completing a sale of the property and paying off the mortgage had simply failed to send the money in time to stop the sale. We conclude that the court abused its discretion in setting aside the sale, because the bid was not grossly inadequate, and no irregularities in the sale process itself were evident.
Mortgage Electronic Registration Systems, Inc., the lender, filed an action to foreclose its mortgage on Grandison's home. Before a foreclosure judgment was entered, Grandison contracted to sell the property to a third party for $274,900. The closing was set to occur on September 30, 2004, with Summit Title acting as the closing agent. On September 9, 2004, the lender sent the mortgagor Grandison a payoff statement good through October 1, 2004.
In the meantime, the trial court entered a final judgment of mortgage foreclosure in favor of the lender for a total sum due of $154,037.74. The final judgment did not contain a specified time for exercise of the right of redemption, other than a provision which stated that upon the filing of a certificate of sale, all rights of the defendants and others claiming interest would be terminated. Pursuant to the judgment, a foreclosure sale was scheduled for October 12, 2004.
The closing of the sale of the property from Grandison to the third party went forward on September 29, 2004. Summit Title held $180,000 in escrow to pay off the mortgage. A paralegal for Summit testified that she sent a letter to Grandison to obtain the payoff information, but she did not respond. After a week of being unable to get in touch with Grandison, the paralegal contacted the attorney for the mortgage company who also did not contact the title company. The lender finally faxed the payoff statement to Summit Title on October 11, which was Columbus Day. Although the paralegal received the letter that day, the banks were closed for the holiday. She said that she knew the property was in foreclosure, but she failed to see the final judgment of foreclosure when she ran a title search on September 27. On October 12, the deed to the purchaser was recorded. The paralegal called the attorneys for the lender and found out that the sale had taken place as scheduled that day. Action Realty was the successful bidder at the sale, purchasing the property for $162,000. The paralegal ran the title search again and discovered the final judgment.
Within the ten day time permitted under section 45.031(4), Florida Statutes, for filing objections to the sale, Grandison filed an objection to the foreclosure sale and a motion to vacate. She argued that the lender's mistakes and oversight in failing to respond with a payoff number justified vacating the foreclosure sale. At the hearing, Action Realty argued that it was a *676 bona fide purchaser, the price at the foreclosure sale was not grossly inadequate, and the party with the most fault should suffer the loss. The court noted that Action Realty was in the business of buying foreclosed properties and would benefit from "an error that should not have occurred." It therefore concluded that the lender was culpable for failing to deliver the payoff figures in time to stop the foreclosure sale. Thus, the court viewed the lender as being at fault for the mortgagor losing her right of redemption. The court vacated the foreclosure sale, and Action Realty appeals.
The right of redemption of a mortgagor to reclaim its estate through payment of the amount of the judgment after it has been forfeited through foreclosure is a valuable equitable right. See Indian River Farms v. YBF Partners, 777 So.2d 1096 (Fla. 4th DCA 2001). That equitable right, available at common law, is now governed by section 45.0315, Florida Statutes (2004), which provides:
At any time before the later of the filing of a certificate of sale by the clerk of the court or the time specified in the judgment, order, or decree of foreclosure, the mortgagor or the holder of any subordinate interest may cure the mortgagor's indebtedness and prevent a foreclosure sale by paying the amount of moneys specified in the judgment, order, or decree of foreclosure, or if no judgment, order, or decree of foreclosure has been rendered, by tendering the performance due under the security agreement, including any amounts due because of the exercise of a right to accelerate, plus the reasonable expenses of proceeding to foreclosure incurred to the time of tender, including reasonable attorney's fees of the creditor. Otherwise, there is no right of redemption.
As was noted in Saidi v. Wasko, 687 So.2d 10, 11 (Fla. 5th DCA 1996), under former section 45.031, the right of redemption could be exercised up to the time of the issuance of the certificate of title. However, section 45.0315 provides that the right may now be exercised up until the certificate of sale unless another time is set in the judgment of foreclosure. In this case, no other time was set. Therefore, Grandison could exercise the right of redemption up until the filing of the certificate of sale and the recording of the certificate of sale. She did not do that, and her right of redemption was extinguished.
She claims, however, that the sale should be set aside because the mortgagor failed to give a payoff figure for the mortgage to the title company through whom she had sold the property, thus defeating her right of redemption. In addition, the property sold for substantially less than it was worth. In Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966), our supreme court explained:
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
Applying the test set forth in Arlt, this court has indicated that in order to vacate a foreclosure sale, the trial court must find both "(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale." Blue Star Invs., Inc. v. Johnson, 801 So.2d 218, 219 (Fla. 4th DCA 2001) (quoting Cueto v. Mfrs. & Traders *677 Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000)).
In Blue Star, we reversed a court order setting aside a judicial sale, because the sale price was not grossly inadequate when it was roughly 69% of the property's appraised value. Here, the foreclosure sale price was roughly 59% of the fair market value of the property. The judicial sale price was not grossly inadequate. See, e.g., Maule Indus., Inc. v. Seminole Rock & Sand Co., 91 So.2d 307, 311 (Fla. 1956) (sale for 70% of assumed valuation of property did not justify setting aside foreclosure sale); Shipp Corp., Inc. v. Charpilloz, 414 So.2d 1122 (Fla. 2d DCA 1982) (where bid was for amount of $1,100,000 and fair market value of the property was in the range of $2,800,000 to $3,200,000, price was not grossly inadequate). Findings of gross inadequacy of price are confined to "situations in which a very small, usually only nominal, amount has been bid for property of substantial value." Blue Star Invs., 801 So.2d at 219 (quoting Moody v. Glendale Fed. Bank, 643 So.2d 1149, 1150 (Fla. 3d DCA 1994)).
Because the amount of the sale was not grossly inadequate, as in Blue Star we must reverse the order vacating the sale, because the first factor set forth in the Arlt test was not met. We acknowledge that the second district questioned the two-part test of Arlt in Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002). There, the second district was confronted with the question of whether an irregularity in the foreclosure sale would permit a trial court to vacate a judicial sale absent a finding of gross inadequacy of the bid price. Horton, the assignee of the original mortgage holder's interest, was not notified of the foreclosure sale. Id. at 1256-57. The trial court set aside the sale, specifically finding that the notice of sale was defective and that Horton's counsel had not received it. However, there was no showing of any inadequacy in the price bid for the property. The second district held that the trial court did not abuse its discretion in setting aside the sale, reasoning as follows: "to hold that a trial court may not vacate a foreclosure sale absent a grossly inadequate bid price would deprive the courts of their equitable powers and their duty to protect and preserve the integrity of the judicial sale process." Id. at 1258-59.
We believe that Ingorvaia is distinguishable from the facts of this case. The equitable consideration in Ingorvaia was a defect in the sale itself, because the assignee of the mortgagor, whose attorney had entered an appearance in the case, was not notified of the final judgment and sale. Therefore, due process concerns made the sale irregular. Here, there is no irregularity in the sale itself. The mortgagor had notice and apparently failed to provide the title company with the information. The title company also failed to note the final judgment setting the sale, even though it performed a title search. This was not a case of a defect in the sale process.[1]
In Cueto v. Manufacturers & Traders Trust Co., 791 So.2d 1125, 1127 (Fla. 4th DCA 2000), this court stated:
"The failure of a party to take the required steps necessary to protect its *678 own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to service of process does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment. . . ."
(quoting John Crescent, Inc. v. Schwartz, 382 So.2d 383, 385-86 (Fla. 4th DCA 1980)). Grandison was not deprived of notice of the sale. She has shown no defect in the sale process. On this basis, we distinguish Ingorvaia.
Because the judicial sale price was not grossly inadequate and there were no irregularities in the sale process, we reverse the trial court's order vacating the sale. We remand with directions to reinstate the certificate of sale and for further proceedings thereon.
STEVENSON, C.J., and HAZOURI, J., concur.
NOTES
[1] The trial judge recognized that the title company may have been negligent and expressed a desire to avoid a second lawsuit by Grandison's purchaser against the title company based upon the title policy. While we can appreciate the common sense approach to this solution, it does not follow the extant law of this district in Blue Star. It also prevents the innocent purchaser, Action Realty, at the foreclosure sale from deriving the benefit of its investment, through no fault of it, and it deprives Action from recouping any expenses that it incurred in bidding and paying for the property.