962 So.2d 1036 (2007)
Beatrice STEDING, Appellant,
v.
AMERICAN GENERAL FINANCE, Appellee.
No. 5D07-326.
District Court of Appeal of Florida, Fifth District.
August 10, 2007.
*1037 J.C. Rich, Deland, for Appellant.
Glenn J. Paul, of Paul & Elkind, P.A., Deland, for Appellee.
PER CURIAM.
Beatrice Steding appeals from an order denying her motion to set aside a foreclosure sale pursuant to Florida Rule of Civil Procedure 1.540(b), relating to property she once owned in Volusia County, Florida. Because Steding has not demonstrated that the trial court abused its discretion in denying her motion, we affirm.
"Vacation of a foreclosure sale under rule 1.540(b) requires that the trial judge find `(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.'" Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000) (quoting Mody v. Calif. Fed. Bank, 747 So.2d 1016, 1017-18 (Fla. 3d DCA 1999)). Although Steding alleges in her brief that her property sold at auction for a "grossly inadequate" price, there is no record on appeal to demonstrate that this is true. Without a record affirmatively demonstrating some basis to challenge the trial court's discretionary ruling, we must affirm. E.g., Sroczyk v. Fritz, 220 So.2d 908 (Fla. 1969); Mills v. Heenan, 382 So.2d 1317 (Fla. 5th DCA 1980).[1]
AFFIRMED.
SAWAYA, MONACO and LAWSON, JJ., concur.
NOTES
[1] The parties represent that the successful bidders paid $58,300.00 for the property, an amount in excess of the final judgment. Additionally, they represent that the foreclosure was of a second mortgage, and that the winning bidder took the property subject to the existing first mortgage. There is no indication of the overall value of the property, or of the amount of the first mortgage. Therefore, even if the facts recited in the briefs were supported by the record they would fall far short of demonstrating that the auction price was "grossly or startlingly inadequate." Additionally, there is no record basis to support Steding's allegation of an "irregularity in the sale."