CIKLIN, J.
 

 We reverse an order granting a motion to set aside a foreclosure sale because legally sufficient grounds to undo the sale did not exist.
 

 A complaint was filed against Huguette Chery to foreclose on a homeowner’s association lien that had attached to certain real property owned by Chery. On September 11, 2008, in the presence of Chery, the trial court entered a default final judgment against her for $3,639.98 plus interest and costs. A public sale of the property was set for January 13, 2009, in the event that Chery did not exercise her equitable right of redemption to cancel the sale by paying the amount owed. Chery did not remit the amount owed and her property proceeded to public sale with Aegis Properties of South Florida, LLC (“Aegis”) being the successful third party bidder in the amount of $4,600.00. Aegis tendered the purchase price in cash to the clerk of the circuit court and was issued a certificate of sale by the clerk. On January 23, 2009, Chery filed an “emergency motion to set aside foreclosure sale,” claiming she misunderstood the trial court’s default judgment and that she had the funds to pay the amount owed. After a hearing, the trial court issued an order granting her motion and giving Chery thirty days to satisfy her obligation. Chery subsequently remitted the amount owed and a satisfaction of judgment was issued. Aegis filed this appeal asserting that legally sufficient grounds did not exist to warrant the trial court’s action.
 

 Foreclosure sales are reversible if there is a grossly inadequate sales price or irregularities in the sale process.
 
 Arlt v. Buchanan,
 
 190 So.2d
 
 575, 577
 
 (Fla.1966);
 
 see also Action Realty and Invs., Inc. v. Grandison,
 
 930 So.2d 674, 677 (Fla. 4th DCA 2006);
 
 Blue Star Invs., Inc. v.
 
 
 *962
 

 Johnson,
 
 801 So.2d 218, 219 (Fla. 4th DCA 2001) (“[T]o vacate a foreclosure sale, the trial court must find ‘(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.’ ” (citations omitted)). Neither of these grounds applies in the instant case.
 

 Here, Chery attended the hearing at which the lower court entered its default judgment. The trial judge handed her a copy of the default final judgment, which clearly indicated her right of redemption. Her argument that she misunderstood her legal obligations is insufficient to overturn a foreclosure sale, along with the fact that she took no action to satisfy the debt for over four months after the judgment was entered — even past the sale date:
 

 The failure of a party to take the required steps necessary to protect its own interests, cannot, standing alone, be grounds to vacate judicially authorized acts to the detriment of other innocent parties. The law requires certain diligence of those subject to it, and this diligence cannot be lightly excused. The mere assertion by a party to a lawsuit that he does not comprehend the legal obligations attendant to [the pending legal action] does not create a sufficient showing of mistake, inadvertence, surprise or excusable neglect to warrant the vacating of a final judgment.
 

 John Crescent, Inc. v. Schwartz,
 
 382 So.2d 383, 385-86 (Fla. 4th DCA 1980).
 

 We therefore reverse the order granting Chery’s emergency motion to set aside foreclosure sale and remand with directions to reinstate the final judgment of foreclosure and certificate of sale and thereafter issue a certificate of title in favor of the bona fide purchaser.
 

 We recognize the harsh result produced by this opinion but the law. simply does not authorize the setting aside of the final judgment and certificate of sale under the facts of this case.
 

 Reversed and remanded with instructions.
 

 GROSS, C.J., and STEVENSON, J., concur.