GROSS, J.
We sua sponte consider this case en banc to reconsider a line of our cases that appears to conflict with precedent from the Florida Supreme Court concerning the grounds that must be shown in order to have a foreclosure sale of real property set aside.
On September 8, 2010, the circuit court issued a final judgment of mortgage foreclosure in favor of Chase Home Finance, LLC, and against Amy Wilson, Christopher Manning, and other defendants. The judgment set a public sale of the property for May 9, 2011. The sale took place as scheduled. Iron National Trust, LLC, submitted the winning bid of $125,300.
A few days later, the defendants moved to vacate the foreclosure sale and certificate of sale. As grounds, the defendants alleged that, in mid-April 2011, Chase offered the defendants the opportunity to reinstate the loan, provided they paid a certain amount. The defendants agreed to the bank’s terms and, on May 3, sent a cashier’s check for the amount to Chase’s attorney, who received the check on May 4. Under the terms of the settlement, Chase should have cancelled the sale and arranged to have the lawsuit dismissed, but Chase’s attorney failed to do so. To their motion, the defendants attached documents substantiating their claims, including the offer-of-reinstatement letter, the cashier’s check, and confirmation of deliv *847 ery of the check to Chase’s attorney. The inadequacy of the sale price was not asserted as a ground to set aside the sale.
Iron National Trust assigned its interest as purchaser of the property to appellant Nicholas Arsali, who moved to intervene in the lawsuit on May 19. On May 20, the defendants noticed their motion to vacate for a hearing on May 26.[1] The court granted Arsali’s motion to intervene on May 24.
On May 26, the circuit court granted the defendants’ motion to vacate the foreclosure sale and certificate of sale, vacated the final judgment, and dismissed the case. There is no transcript of the hearing on the motion. Both Chase and the defendants agreed to the entry of this order. Arsali moved for rehearing, which the circuit court denied.
Arsali’s main contention is that the circuit court did not hold an evidentiary hearing, so that it could not have determined that the sale price was grossly inadequate; a grossly inadequate sale price is one of the two requirements for vacating a foreclosure sale set forth in Blue Star Investments, Inc. v. Johnson, 801 So.2d 218 (Fla. 4th DCA 2001).
There, relying on Arlt v. Buchanan, 190 So.2d 575, 577 (Fla.1966),[2] we wrote, “[T]o vacate a foreclosure sale, the trial court must find ‘(1) that the foreclosure sale bid was grossly or startlingly inadequate; and (2) that the inadequacy of the bid resulted from some mistake, fraud or other irregularity in the sale.’ ” Id. at 219 (quoting Cueto v. Mfrs. & Traders Trust Co., 791 So.2d 1125, 1126 (Fla. 4th DCA 2000) (in turn quoting Mody v. Cal. Fed. Bank, 747 So.2d 1016, 1017-18 (Fla. 3d DCA 1999))). The trial court in Blue Star had vacated a foreclosure sale because the parties “had agreed to extend the date for the foreclosure sale, but no one took any steps to effectuate the extension.” Id. We reversed because the bid price was around 70% of the property’s appraised value, so it failed to satisfy the first requirement of the two-part test. Id. at 219-20.
To the extent that it suggests that the two-part test applies to every attempt to set aside a foreclosure sale, the Blue Star declaration of black letter law is contrary to a statement of law made by the Florida Supreme Court. In Moran-Alleen Co. v. Brown, a case involving a suit to vacate and set aside a judicial sale of real estate, the Supreme Court wrote:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this *848 court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
98 Fla. 208, 123 So. 561, 561 (Fla.1929) (emphasis supplied) (citations omitted). The italicized language indicates that “surprise, accident, or mistake imposed on [a] complainant” and “irregularity in the conduct of the sale” are four independent grounds that would support the setting aside of a foreclosure sale, even where there is not a grossly inadequate sale price.[3] The Supreme Court later cited the above-quoted portion of Brown with approval, characterizing it as being “eloquently stated.” Ohio Realty Inv. Corp. v. S. Bank of W. Palm Beach, 300 So.2d 679, 681 (Fla.1974). Because Ohio Realty was decided after Arlt, it cannot be said that the Supreme Court abandoned Brown’s statement of the law in Arlt. Also, the Supreme Court does not intentionally overrule itself sub silentio. See Puryear v. State, 810 So.2d 901, 905-06 (Fla.2002).
In Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002), the second district noted the apparent conflict between Brown, and Arlt regarding the different articulations of the requirements to set aside a foreclosure sale. It resolved the situation by concluding that Brown should be applied when grounds other than an inadequate bid price are the basis for attacking the sale and Arlt utilized when the adequacy of the bid price is at issue. See id. at 1257-59; see also Esque Real Estate Holdings, Inc. v. C.H. Consulting, Ltd., 940 So.2d 1185, 1187 n. 2 (Fla. 4th DCA 2006) (noting Ingorvaia in dicta and distinguishing it as a case involving a “defect or irregularity connected with the sale” where “due process concerns made the sale irregular”); Action Realty & Invs., Inc. v. Grandison, 930 So.2d 674, 677 (Fla. 4th DCA 2006) (a ease where the foreclosure sale price was not “grossly inadequate,” which characterized Ingorvaia as a case where a defect in the sale created “due process concerns [that] made the sale irregular”); U-M Publ’g, Inc. v. Home News Publ’g Co., 279 So.2d 379, 381-82 (Fla. 3d DCA 1973) (citing Brown and setting aside a foreclosure sale for defects in procedure without a discussion of an inadequate sale price). This reading of the case law is consistent with the wide discretion a court has to set aside a sale as an exercise of equity. See Long Beach Mortg. Corp. v. Bebble, 985 So.2d 611 (Fla. 4th DCA 2008) (“[A]n equity judge considering whether to set aside a foreclosure sale ‘has a large discretion which will only be interfered with by the appellate court in a clear case of injustice.’ ” (citation omitted)). We agree with the second district’s approach to reconciling Brown and Arlt.
We recede from Blue Star to the extent it indicates that inadequacy of price must always be part of the legal equation in a motion to set aside a foreclosure sale.[4]
*849 Here there was no dispute that the bank and the defendants had settled the case and that their agreement provided that the foreclosure sale should have been cancelled. Under Brown, the circuit court did not abuse its discretion in setting aside the sale.[5] Based on these facts, only if a grossly inadequate sale price was necessary to obtain this relief would Arsali have been entitled to the evidentiary hearing he sought. Because Brawn provides that surprise, accident, or mistake are independent grounds sufficient to set aside a foreclosure sale, it was not necessary for the trial court to hold a hearing to take evidence on the adequacy of the foreclosure sale price.
We agree with the second district that Brown can be read to conflict with Arlt, in that Brown states “that gross inadequacy of price alone is a sufficient ground to set aside a foreclosure sale whereas Arlt requires that other grounds must also be proven.” Ingorvaia, 816 So.2d at 1258. Given that foreclosure cases have mushroomed on civil dockets in Florida, clarification of the grounds for setting aside a foreclosure sale is a matter of great public importance. Therefore, as did the second district in Ingorvaia, we certify the following question:
DOES THE TEST SET FORTH IN ARLT V. BUCHANAN, 190 So.2d 575, 577 (FIa.1966), FOR VACATING A FORECLOSURE SALE APPLY WHEN ADEQUACY OF THE BID PRICE IS NOT AT ISSUE?

Affirmed; question certified.

MAY, C.J., WARNER, POLEN, STEVENSON, TAYLOR, DAMOORGIAN, CIKLIN, GERBER, LEVINE, and CONNER, JJ., concur.
HAZOURI, J., recused.

. The motion was properly noticed for a hearing on May 20. Arsali's later intervention was "in subordination to, and in recognition of, the propriety of the main proceeding.” Fla. R. Civ. P. 1.230. As the Supreme Court has observed:
The law is settled that an intervener is bound by the record made at the time he intervenes and must take the suit as he finds it. He cannot contest the plaintiff's claim against the defendant, but is limited to an assertion of his right to the res. He cannot challenge sufficiency of the pleadings or the propriety of the procedure, nor can he move to dismiss or delay the cause without permission of the chancellor.
Krouse v. Palmer, 131 Fla. 444, 179 So. 762, 763 (1938).

. In Arlt, the Supreme Court wrote:
The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.
190 So.2d at 577 (citations omitted).

. We note that the three cases upon which Brown relied for this statement of the law are all cases that involved an inadequate sale price combined with other defects in the sale. See Marsh v. Marsh, 72 Fla. 142, 72 So. 638 (Fla.1916); Fla. Fertilizer Mfg. Co. v. Hodge, 64 Fla. 275, 60 So. 127 (Fla.1912); Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995 (Fla.1905). For example, in Florida Fertilizer, the property sold for $110, when it was "reasonably worth $800 to $1000.” 60 So. at 128. The Supreme Court affirmed an order setting aside the sale for a "grossly inadequate price” where the mortgagor was a "man with little education and no knowledge of legal proceedings,” who saw an attorney who apparently misadvised about the foreclosure proceedings, had remained "in full, open, and complete possession” of the property, and had no notice of the sale. Id. at 127-28.

. We similarly recede from that statement of the law in Arsali v. Deutsche Bank National Trust Co., 82 So.3d 833, 2011 WL 1261283 (Fla. 4th DCA 2011) (quoting Blue Star); Es *849 que Real Estate Holdings, 940 So.2d at 1186 (quoting Blue Star); Grandison, 930 So.2d at 676-77 (quoting Blue Star); Bush v. Atl. Mortg. & Inv. Corp., 785 So.2d 611, 612 (Fla. 4th DCA 2001) (citing Cueto), Cueto, 791 So.2d at 1126-27 (quoting Mody).

. The standard of review on appeal of a trial court's ruling on a motion to set aside a foreclosure sale is whether the trial court grossly abused its discretion. E.g., Arsali v. Deutsche Bank Nat’l Trust Co., 82 So.3d 833, 2011 WL 1261283 (Fla. 4th DCA 2011); Ingorvaia v. Horton, 816 So.2d 1256, 1259 (Fla. 2d DCA 2002).