ON MOTION FOR REHEARING

BAILEY, JENNIFER D., Associate Judge
We deny the motion for rehearing, but grant the motion for clarification withdrawing our prior opinion and substituting the following in its place.
Appellant Texas Commerce Bank National Association (TCBNA) appeals the trial court’s order overruling its objection to a foreclosure sale and denying its Motion to Require Clerk to Accept Plaintiffs Bid. We reverse.
TCBNA filed a complaint to foreclose on a mortgage, and received a summary final judgment in the amount of $524,195.40. The controversy in question erupted on the courthouse steps at the time of sale of the property. TCBNA and another bidder, Jupiter Assets, Inc., both sought the property. TCBNA offered the highest bid at $151,000. Jupiter Assets, however, objected to TCBNA paying the $40 clerk’s fee for the sale with a law firm cost account check as opposed to cash. Despite the Palm Beach County Clerk’s written policy of accepting cost account checks in lieu of cash, the deputy clerk on the scene refused to accept the $40 cost account check. To TCBNA’s consternation, Jupiter Assets was declared the successful bidder. TCBNA filed motions to correct the mistake.
The trial court declined to grant relief on TCBNA’s motions despite the Clerk of the Court’s acknowledgment on the record that it was in error in rejecting the cost check and bid submitted on behalf of TCBNA.
The trial court found it disposi-tive that TCBNA had prepared the proposed form of the final judgment in the foreclosure case, which was signed as submitted, and which provided that the Clerk’s fee would be paid in cash and in advance of the sale. TCBNA had failed to pay in advance or in cash; therefore, the trial court reasoned under contract law, TCBNA had failed to comply with the terms of the order that TCBNA itself had drafted. The court overlooked the well-established legal principle that orders of court are adopted by the court upon signature and are the responsibility of the court.
In doing so, the trial court ignored the Clerk’s motion, which acknowledged irregularity and mistake with regard to the handling of the sale. See generally Arlt v. Buchanan, 190 So.2d 575 (Fla.1966)(“standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result”). The Clerk established that a “for cash” requirement *1109 is understood to be cash or check, and that the Palm Beach County Clerk’s Office routinely accepted law firm cheeks as payment of costs at foreclosure. The policy has been memorialized in Palm Beach County Administrative ■ Order 95-3-R which provides that “... [i]f you are an attorney and you (or your client) are the successful bidder, you may pay your deposit and bid ... (and) costs and fees by a trust account check ... or law firm account check.” This administrative order was in place at the time of the sale.
A trial court’s decision on the setting aside of a foreclosure sale is subject to review on an abuse of discretion standard, and may be reversed only when the trial court has grossly abused its discretion. See RSR Invs., Inc. v. Barnett Bank of Pinellas County, 647 So.2d 874 (Fla. 2d DCA 1994). In this ease, where the conditions imposed at sale directly conflicted with the written policy of the Clerk’s Office and the Clerk has acknowledged the error, the trial court’s decision was a gross abuse of discretion.
We therefore reverse with directions to enter an order requiring the clerk to accept TCBNA’s bid and cost payment and declaring TCBNA as successful bidder on the property in question.
REVERSED WITH DIRECTIONS.
KLEIN and GROSS, JJ., concur.