909 So.2d 361 (2005)
OPPORTUNITY FUNDING I LLC, Appellant,
v.
Igor OTETCHESTVENNYI, Jane Doe, Unknown spouse of Igor Otetchestvennyi, Christine Burganov, f/k/a Christine Otetchestvennyi, Joel H. Feldman, P.A., and Unknown Tenants, Owners, Appellees.
No. 4D04-2960.
District Court of Appeal of Florida, Fourth District.
July 27, 2005.
Rehearing Denied September 26, 2005.
Clay A. Holtsinger and Shawn M. Yesner, Clearwater, for appellant.
No brief filed for appellee.
*362 PER CURIAM.
A mortgagee appeals a trial court order that denied its motion to vacate a certificate of title and foreclosure sale, thereby allowing the third-party purchaser to evict the mortgagor. It argues the court erred in denying its motion because it timely filed an objection to the sale, a motion to vacate the sale, a motion to vacate the certificate of title to the third-party, and a motion to stay enforcement of a writ of possession. Under the extraordinary facts of this case, we agree and reverse.
The mortgagor defaulted on a mortgage causing the mortgagee to seek foreclosure. After obtaining a final judgment of foreclosure, but before the scheduled sale date of June 14, 2004, the mortgagee notified the Clerk of the Court by letter that the sale was to be cancelled to allow the mortgagors additional time to pay the loan. The mortgagee filed a motion to cancel the sale and sent a copy by overnight delivery to the clerk and the presiding judge prior to the sale.
On June 23, 2004, the mortgagee sent an objection to the sale and motion to vacate the sale to the clerk by UPS overnight mail, pursuant to Florida Rule Civil Procedure 1.540(b). On June 24, 2004, the mortgagee submitted its motion to cancel the foreclosure sale by overnight mail and fax, but the sale went forward. A representative of the mortgagee attended the sale and publicly announced that the sale should not go forward.
On June 25, 2004, two days after the mortgagee filed its objection, the Clerk of the Circuit Court issued a certificate of title to a third-party purchaser. The objection was not docketed in the clerk's office, however, until June 28, 2004.
The mortgagee filed an emergency motion to vacate the certificate of title. The court held a hearing on the motion. The mortgagee attached a copy of the UPS tracking form to establish the objection was received by the clerk's office on June 24, 2004. The trial court denied the motion "because the objection does not appear on the court's docket." The mortgagee filed a renewed emergency motion to vacate the certificate of title and stay enforcement of the writ of possession. The trial court denied the motion. It is from these orders that the mortgagee appeals.
A trial court's ruling on a motion to set aside a foreclosure sale is reviewed for a gross abuse of discretion. Tex. Commerce Bank Nat'l Ass'n v. Nathanson, 763 So.2d 1107 (Fla. 4th DCA 1999). While this is difficult to do, we find the mortgagee met this burden given the unique facts in this case.
The Clerk of the Court lacks authority to issue a certificate of title or a writ of possession when an objection to a foreclosure sale is timely filed. See Wummer v. Blanton, 709 So.2d 1385 (Fla. 4th DCA 1998). Here, the affidavit supporting the mortgagee's motion to set aside the foreclosure sale was rebutted by a date stamp, but not by any testimony concerning the actual filing date. The tracking report established the delivery of the objection and motion within the time frame provided by the rules.
Rule 1.080(e) of the Florida Rules of Civil Procedure provides:
(e) Filing Defined. The filing of papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may permit papers to be filed with the judge, in which event the judge shall note the filing date before him or her on the papers and transmit them to the clerk. The date of filing is that shown on the face of the paper by the judge's notation *363 or the clerk's time stamp, whichever is earlier.
However, to allow the mechanism of the date stamp to prevail over the evidence of a timely filed motion exalts form over substance, an exaltation that would work a substantial injustice given the unique facts of this case. We therefore reverse the order denying the motion to set aside the certificate of title and to stay enforcement of the writ of possession, and remand the case to the trial court for proceedings consistent with this opinion.
Reversed and remanded.
STEVENSON, C.J., TAYLOR and MAY, JJ., concur.