PER CURIAM.
 

 Wells Fargo Bank, N.A. seeks to appeal a post-judgment order entered in this foreclosure matter. Because it appears that the trial court has not rendered a proper final order, we
 
 sua sponte
 
 conclude the appeal is premature and remand the matter to the trial court for rendition of a final order pursuant to Florida Rule of Appellate Procedure 9.110(l).
 

 Following the entry of a foreclosure judgment in its favor and the foreclosure sale, Wells Fargo filed a motion to vacate the foreclosure sale. In its motion, Wells Fargo alleged that it was the successful bidder at the foreclosure sale and had reached a forbearance agreement with the defendant homeowners that would provide them with the opportunity to save their home. Wells Fargo further alleged that the defendant homeowners supported its motion. The trial judge stamped the motion “denied” and affixed his signature and the date to the motion. There is no indication that the “order” was rendered by filing it with the clerk of the trial court after the judge signed it as required by rule 9.020(h).
 

 To invoke the jurisdiction of an appellate court, the order for which review is sought must be rendered by the lower court. Fla. R.App. P. 9.110(b). An order is rendered when it is reduced to writing, signed and filed with the clerk of the trial court. Fla. R.App. P. 9.020(h). A rubber-stamped order on a document that has already been filed is, at best, confusing. When the document does not receive a second date stamp from the clerk, there is nothing on the face of the appellate record to establish that the order was ever rendered.
 
 See Johnson v. State,
 
 573 So.2d 1021 (Fla. 1st DCA 1991). Although rubber-stamped orders may be appropriate in some limited circumstances, they “should not be used when it is essential to fix a point from which crucial time periods are to be calculated for purposes of rendition .... ”
 
 State v. Sullivan,
 
 640 So.2d 77, 78 (Fla. 2d DCA 1994). As a result, appellate courts discourage the use of rubber stamps to rule on motions.
 
 Parnell v. State,
 
 642 So.2d 1092, 1093 (Fla. 2d DCA 1994).
 

 We also have concerns about the summary disposition of Wells Fargo’s motions.
 
 [1]
 
 We are mindful of the significant workload faced by Florida’s trial judges, particularly with the flood of foreclosures inundating the court system and the staff reductions necessitated by budget shortfalls. Nonetheless, for an appellate court to provide meaningful review of a trial court order, particularly when the trial court possesses significant discretion, some indication of the reasons underlying the trial court’s ruling is helpful. “It is not the function of an appellate court to cull the underlying record in an effort to locate findings and underlying reasons which would support the order.”
 
 Jacques v. Jacques,
 
 609 So.2d 74, 75 (Fla. 1st DCA 1992). Here, the trial court’s “denied” stamp does not help us determine if the trial judge abused his discretion or not. Some basis for the ruling would be instruc
 
 *866
 
 tive both to the parties and this Court. We are also somewhat surprised that with no one objecting, the trial court refused to provide the defendant homeowners with the opportunity to save their home since the parties had apparently resolved their dispute.
 

 Because Wells Fargo’s notice of appeal was filed before the rendition of a final order, we elect to treat this matter as a premature appeal and relinquish jurisdiction to the trial court for a period of fifteen days for the rendition of a proper final order. To enable meaningful appellate review, the trial court will provide a basis for denying Wells Fargo’s motion to cancel the sale and motion to vacate the sale.
 

 JURISDICTION RELINQUISHED TO TRIAL COURT FOR FIFTEEN DAYS.
 

 MONACO, C.J., ORFINGER and EVANDER, JJ., concur.
 

 [1]
 

 . Wells Fargo also sought to cancel the foreclosure sale before it occurred, representing to the court that a modification agreement had been reached with the defendant homeowners. The trial court stamped ''denied” on the motion and signed it. It likewise does not appear this order was ''rendered” by the clerk of the trial court.