GRIFFIN, J.
 

 LaSalle Bank National Association, as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-3 [“LaSalle”] appeals the trial court’s non-final order denying its objection to sale and emergency motion to vacate summary final judgment and to vacate foreclosure sale and to return funds to the third party purchaser.
 
 [1]
 

 On December 4, 2008, LaSalle filed a complaint to foreclose a mortgage on real property owned by Daisy E. Alicea a/k/a Daisy Alicea [“Alicea”] that she had purchased in 2007 for $225,000. Thereafter, in March 2009, LaSalle filed a motion for summary final judgment and notice of a hearing to be held on April 14, 2009. On that date, the trial court entered its summary final judgment of foreclosure, finding that $201,019.00 was due and owing to LaSalle and scheduling the foreclosure sale for May 14, 2009.
 

 On May 12, 2009, LaSalle filed a motion to cancel/vacate foreclosure sale, stating: “Since the date of the entry of the Final Judgment of Foreclosure and the notice of sale, the borrowers have entered into a Non-FNMA Home Affordable Modification Program in an effort to retain their home and avoid the sale of their home.” The trial court denied the motion without a hearing, using a “DENIED” stamp with a handwritten date of May 13, 2009. La-Salle then filed a renewed motion to cancel/vacate foreclosure sale, providing: “Since the date of the entry of the Final Judgment of Foreclosure and the notice of sale, the borrowers have entered into arrangements with the Plaintiff for a short sale of the property, which sale is scheduled to take place on May 20, 2009.” A docket entry indicates that the trial court denied the renewed motion.
 

 
 *988
 
 On May 14, 2009, the foreclosure sale took place as scheduled, at which “Equitable Gain Inc.” purchased the property for a bid of $8,000.00. “Equitable Gain Inc.” provided proof of publication on May 15, 2009.
 

 LaSalle filed an objection to the sale and an emergency motion to vacate summary final judgment and to vacate foreclosure sale and to return funds to the third party purchaser. It asserted that the judicial sale of the property should be set aside because the sale price was grossly inadequate. LaSalle stated that Alicea “purchased the property for the amount of $225,000.00 on 08/28/2007” and that the current tax appraisal value was $160,644.00. LaSalle noted other irregularities: that the affidavits filed in support of its motion for summary final judgment were not in compliance with the time requirements of Florida Rule of Civil Procedure 1.510(c), and the sale should not have taken place because proof of publication of the notice of sale had not been filed with the Clerk prior to the sale date. The trial court again denied LaSalle’s objection and motion without a hearing, using the “DENIED” stamp with a handwritten date of May 20, 2009. On May 27, 2009, the Clerk filed a certificate of title, which showed that the property was sold to Third Party Purchasers as follows: “HILL & BECK-MAN INC 2/3, AND TAMCO CORP OF VOLUSIA COUNTY 1/3.... ”
 

 LaSalle filed a motion for rehearing or in the alternative motion to vacate certificates of sale and title. It asserted in part:
 

 16. Plaintiff timely filed an Objection to Sale and Emergency Motion to Vacate Summary Final Judgment and to Vacate Foreclosure Sale and To Return Funds to Third-Party Purchasers, objecting to the sale on the grounds set forth hereinabove.
 

 17. The Court held no hearing on the Objection to sale and made no written ruling on same, and on May 27, 2009, the Court entered the Certificate of Title to the third-party purchaser.
 

 In support of its motion, LaSalle filed the affidavit of Charles P. Gufford, an attorney with Butler & Hosch, P.A., who was primarily responsible for representing La-Salle. The following statements were among those sworn to in the affidavit:
 

 7. Prior to the 05/14/2009 sale, the undersigned counsel filed two (2) separate motions to cancel the sale (on 05/12/20[0]9 and 05/13/2009, respectively), as the borrower and lender had entered into a short sale, wherein the parties would equitably resolve the matter short of a judicial sale.
 

 8. Both motions to cancel the sale were denied by the Court without providing any ruling of law as to the denials.
 

 [[Image here]]
 

 13. An Objection to Sale was timely filed by the Plaintiff on 05/19/2009, which is five (5) days after the sale, well within the ten (10) days in compliance with Fla. Stat. 45.031.
 

 14. The Court held no hearing on the Objection to sale and on May 27, 2009, the Certificate of Title was issued to the third-party purchaser.
 
 [2]
 

 The trial court denied the motion; the motion bears a “DENIED” stamp, with the handwritten date of June 3, 2009, and a reference to the previous order dated May 20, 2009.
 

 This case is virtually identical in all material respects to two other cases recently before this Court.
 
 U.S. Bank Nat’l Ass’n v. Bjeljac,
 
 17 So.3d 862 (Fla. 5th DCA
 
 *989
 
 2009) and
 
 Wells Fargo Bank, N.A. v. Lupica,
 
 17 So.3d 864 (Fla. 5th DCA 2009). The trial judge was the same in all three of these cases and the procedure he consistently followed is the problem.
 

 In the
 
 U.S. Bank
 
 case, the lender sought to cancel and to reset a scheduled foreclosure sale, which the court denied without a hearing using a “DENIED” stamp. The lender’s subsequent Objection to Sale, Motion to Return Third Party Funds, to Vacate Certificate of Sale and to Set Aside Foreclosure Sale met the exact same fate. In the
 
 Wells Fargo
 
 case, the lender initially sought to cancel the foreclosure sale before it occurred, representing to the court that a modification agreement had been reached with the defendant homeowners. This motion was denied without a hearing, using a “DENIED” stamp. Thereafter, Wells Fargo filed a Motion to Vacate the Foreclosure Sale, again attempting to enter into a forbearance agreement with the defendant homeowner that would provide them with the opportunity to save their home. As with all the other motions, no hearing and a simple “DENIED” stamp disposed of the motion.
 

 In this case, as in the
 
 Wells Fargo
 
 and
 
 U.S. Bank
 
 cases, there is nothing establishing that the documents bearing these executed “denied” stamps were filed with the clerk of the court or when they were filed. As with the
 
 Wells Fargo
 
 and
 
 U.S. Bank
 
 cases, these orders cannot be considered properly rendered or final. We elect to treat this matter as a premature appeal and relinquish jurisdiction to the trial court for a period of thirty days for properly rendered orders. Because the trial judge involved in these cases is no longer on the bench, the successor judge will necessarily have to consider the motions
 
 de novo.
 

 In this case, as in the
 
 Wells Fargo
 
 and
 
 U.S. Bank
 
 cases, there is also no reason we can discern why denial of the plaintiff lender’s repeated motions to cancel the foreclosure sale should not have been granted, and the procedure followed by the trial judge leaves us in doubt that the motions were given any merits consideration. Accordingly, in order to enable meaningful appellate review, if the trial court again denies LaSalle’s motions, it must provide reasons.
 

 JURISDICTION RELINQUISHED.
 

 SAWAYA and LAWSON, JJ., concur.
 

 [1]
 

 . Hill & Beckman, Inc. and Tamco Corporation of Volusia County [‘‘Third Party Purchasers”] have been granted leave to join as a party appellee in the instant appeal.
 

 [2]
 

 . On June 9, 2009, LaSalle also filed the affidavit of Alicea, confirming her agreement with LaSalle for a “short sale” of her property.