EVANDER, J.
 

 Wells Fargo appeals from the denial of its unopposed motion to cancel foreclosure
 
 *876
 
 sale and its subsequent unopposed motion to vacate the foreclosure sale. Because we find that the denial of these motions constituted a gross abuse of discretion, we reverse.
 

 Wells Fargo filed a mortgage foreclosure action against the Lupicas, based on their alleged failure to make due and owing monthly installment payments. No answer was filed by the Lupicas and a final summary judgment was subsequently entered in favor of Wells Fargo. Shortly prior to the scheduled foreclosure sale, Wells Fargo filed a motion to cancel sale, alleging that the parties had reached a loan modification agreement. The motion was denied by stamping the word “Denied” on the face of the motion. Wells Fargo purchased the mortgaged property at the foreclosure sale for $100 and then filed an unopposed motion to vacate sale, stating that the parties had reached a forbearance agreement. The trial court again denied the motion by use of a “Denied” stamp.
 

 When Wells Fargo initially appealed the denial of these motions, we were compelled to relinquish jurisdiction to the trial court because the trial court’s action did not constitute “rendition” of a final order so as to permit appellate review.
 
 Wells Fargo Bank, N.A. v. Lupica,
 
 17 So.3d 864 (Fla. 5th DCA 2009). We further directed the trial court to provide the basis for its denials of Wells Fargo’s motion to cancel sale and subsequent motion to vacate sale.
 
 Id.
 
 at 866.
 

 The trial court then entered a final order denying the motions. The purported basis for the denial of Wells Fargo’s two unopposed motions was the failure to attach a stipulation and/or a copy of the loan modification or forbearance agreement signed by all parties. The trial judge further suggested that the parties should have discussed the modification of the loan prior to entry of the final judgment “which could have avoided unnecessary consumption of the time of two courts.”
 

 Foreclosures are equitable proceedings under Florida law and settlements between litigants are favored. The trial court’s denial of Wells Fargo’s unopposed motions flies in the face of these principles. Furthermore, it was not necessary for Wells Fargo to have attached a stipulation and/or copy of a signed loan modification or forbearance agreement.
 
 [1]
 
 There was no basis for the trial court to reject Wells Fargo’s counsel’s representation, as an officer of the court, that an agreement had been reached between the parties — particularly where the Lupicas never disputed such representation. The trial court’s actions constituted a gross abuse of discretion.
 
 See, e.g., Opportunity
 
 
 *877
 

 Funding I, LLC v. Otetchestvennyi,
 
 909 So.2d 361 (Fla. 4th DCA 2005).
 

 REVERSED and REMANDED.
 

 GRIFFIN and SAWAYA, JJ., concur.
 

 [1]
 

 . Subsequent to the trial court's entry of its final order, the Florida Supreme Court approved a form motion for the cancellation of a foreclosure sale:
 

 Form 1.996(b). Motion to Cancel and Reschedule Foreclosure Sale.
 

 Plaintiff moves to cancel and reschedule the mortgage foreclosure sale because:
 

 * ⅜ *
 

 (2) The sale needs to be cancelled for the following reason(s):
 

 * * *
 

 (f) Plaintiff and Defendant have entered into a Forbearance Agreement.
 

 In re Amends, to the Fla. Rules of Civil Proc.,
 
 - So.3d -, 35 Fla. L. Weekly S97 (Fla. Feb. 11, 2010). The form motion does not reference the attachment of a stipulation or copy of a forbearance agreement.