ORFINGER, C.J.
Poupy and Darline Josecite appeal the trial court’s order denying their motion to vacate a judicial sale conducted pursuant to a final judgment of foreclosure. We reverse.
Several days before the July 5, 2011 sale, the Josecites and Wachovia Mortgage Corporation, acting through its servicing agent, entered into a forbearance agreement. That agreement required the Jo-secites to make a series of payments to Wachovia’s agent, the first of which was due on Friday, July 1, 2011. The agreement further provided that “upon receipt of the signed agreement and the down payment, the foreclosure will be placed on hold for the term of the forbearance.” The Josecites timely submitted the signed agreement and the first payment. However, the foreclosure sale was not cancelled and Underwood & Underwood, LLC, in-tervenors in this appeal, purchased the property at a price that the Josecites concede is not grossly inadequate.
The Josecites promptly filed a motion to vacate the sale. Following a hearing, the trial judge denied their motion, ruling:
Following the test set forth by the Supreme Court of Florida in Arlt v. Buchanan, 190 So.2d 575 (Fla.1966), [the Josecites] have failed to establish a 1) grossly inadequate sales price as a result from 2) any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale.
There is no dispute that Wachovia and the Josecites settled, at least temporarily, the foreclosure action and that the forbearance agreement required Wachovia to place the foreclosure proceedings “on hold.” Because the sale was the only remaining step in the foreclosure process, we interpret the obligation to place the case “on hold” as requiring the lender to cancel the sale, which it failed to do.
Foreclosures are equitable proceedings under Florida law and settlements between litigants are favored. Wells Fargo Bank, N.A. v. Lupica, 36 So.3d 875, 876 (Fla. 5th DCA 2010). Because the Josecites do not assert inadequacy of the bid price as a ground for vacation of the sale, we do not believe the test established in Arlt applies. Accord Arsali v. Chase Home Fin., LLC, 79 So.3d 845 (Fla. 4th DCA), review granted, 86 So.3d 1112 (Fla.2012); Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002). Rather, we conclude this case is controlled by Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929). In that case, which involved a suit to vacate and set aside a judicial sale of real property, the supreme court wrote:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
*267 Id. at 561 (emphasis added). We agree with the Fourth District’s holding in Arsa-li that “surprise, accident, or mistake imposed on [a] complainant, and irregularity in the conduct of the sale” are four independent grounds that would support the setting aside of a foreclosure sale, irrespective of the sale price’s inadequacy. 79 So.3d at 847. The trial court’s conclusion that a foreclosure sale may only be vacated for a grossly inadequate bid price or other sale irregularity deprives the courts of their equitable powers and their duty to protect and preserve the integrity of the judicial sale process. See Ingorvaia, 816 So.2d at 1259; see also Macfarlane v. Macfarlane, 50 Fla. 570, 39 So. 995 (1905).
In general, we review orders on motions to set aside foreclosure sales for an abuse of discretion. See, e.g., Long Beach Mortg. Corp. v. Bebble, 985 So.2d 611, 613 (Fla. 4th DCA 2008). However, the trial court did not base its order on the exercise of discretion, and therefore, our review is not deferential. Instead, the trial court applied the wrong legal standard in determining whether the sale should be vacated, which is a question of law that we review de novo. See Paul v. Wells Fargo Bank, N.A., 68 So.3d 979, 986 (Fla. 2d DCA 2011). After applying the correct test, we conclude that the sale should be vacated and reverse the trial court’s order. We remand this matter with directions to take further actions consistent with this opinion.
REVERSED and REMANDED.
EVANDER and JACOBUS, JJ., concur.