PERRY, J.
This case is before the Court for review of the decision of the Fourth District Court of Appeal in Arsali v. Chase Home Finance, LLC, 79 So.3d 845 (Fla. 4th DCA 2012). In its decision the district court posed the following question, which the court certified to be of great public importance:
DOES THE TEST SET FORTH IN ARLT V. BUCHANAN, 190 So.2d 575, 577 (Fla.1966), FOR VACATING A FORECLOSURE SALE APPLY WHEN ADEQUACY OF THE BID PRICE IS NOT AT ISSUE?
Id. at 849. We have jurisdiction. See art. V, § 3(b)(4), Fla. Const.
For the reasons we explain below, we approve the results of the decision on review insofar as it affirms the judgment of the trial court that vacated the judicial foreclosure sale and the certificate of sale issued by the clerk of the circuit court, and dismissed its final judgment of foreclosure in favor of Chase Home Finance, LLC (“Chase”). We further approve the Fourth District’s decision to the extent it affirms the trial court’s order for the return of all monies paid by the third-party purchaser in the ill-fated judicial foreclosure sale of the residential property at issue. However, we clarify that inadequacy of the bid price is not necessary to be alleged and proven when a litigant is seeking to set aside a judicial foreclosure sale.
*513 BACKGROUND AND FACTS
On September 8, 2010, the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County entered a final summary judgment of foreclosure against Amy Wilson and Christopher D. Manning (“the borrowers”) regarding their shared residence. The trial court’s judgment was for the sum of $86,979.93. The trial court scheduled a sale of said real property to take place on May 9, 2011. The borrowers neither moved for rehearing, nor appealed the trial court’s final judgment.
However, nearly one month before the scheduled judicial foreclosure sale, Chase, the borrowers’ mortgagee, authorized its foreclosure counsel to offer the borrowers an opportunity for the reinstatement of their mortgage, and dismissal of the foreclosure action. The offer was conditioned on the borrowers making a lump-sum payment of $12,018.98 no later than May 6, 2011, at 9:00 AM. On May 3, 2011, the borrowers sent a cashier’s check for the full reinstatement amount to Chase’s counsel by way of overnight mail. Chase’s counsel received the borrower’s cashier’s check on May 4, 2011. However, Chase’s counsel neglected to arrange for the can-celation of the foreclosure sale with the clerk of court, so the sale took place as scheduled. On May 9, 2011, the borrowers were not aware that the scheduled judicial sale of their residence had not been canceled. A third-party purchaser, Iron National Trust, LLC (“INT”), submitted the winning bid price of $125,300. In turn, INT assigned all of its apparent rights to the sold residential property to Nicholas Arsali.
After learning about the judicial sale of their residence, on May 13, 2011, the borrowers filed an objection to the judicial sale with the trial court, pursuant to section 45.031, Florida Statutes (2010). The borrowers’ objection was in the form of a motion to vacate the judicial foreclosure sale and the certificate of sale based on their fulfillment of their reinstatement agreement with Chase. On May 24, 2011, Arsali moved the trial court for leave to intervene in the case, which was granted. On May 26, 2011, the trial court held a hearing on the borrowers’ motion to vacate.
During the hearing on the borrowers’ motion the trial court also considered evidence, including a copy of the reinstatement offer letter, the borrowers’ cashier’s check, and the overnight mail receipts. Immediately following the hearing the trial court granted the borrowers’ motion to vacate the judicial foreclosure sale and the certificate of sale issued by the clerk of court. The trial court also ordered the clerk of court to return all funds paid by the third-party purchaser. The September 8, 2010, final judgment of foreclosure was also vacated, and the foreclosure case was dismissed. Arsali moved the trial court for rehearing, and for it to impose court sanctions on Chase’s foreclosure counsel. The trial court denied Arsali’s motions. Neither the parties nor intervenor Arsali alleges that there was anything unlawful about how the scheduled judicial foreclosure sale was conducted. Instead, the dispute surrounded the equities pertaining to the non-cancelation of the judicial foreclosure sale and its eventual vacation by the trial court.
Arsali appealed the trial court’s judgments in the Fourth District, arguing that the trial court erred in vacating the judicial foreclosure sale and certificate of sale issued by the clerk of court. Arsali further argued that the borrowers failed to show that the winning bid price of $125,300 was grossly inadequate. In addition, Ar-sali asserted that the trial court erred by not holding an evidentiary hearing before *514 setting aside the judicial foreclosure sale at issue.
The Fourth District, sitting en banc, affirmed the trial court’s judgments in Ar-sali, 79 So.3d at 845. In its decision, the Fourth District explained that it was receding from its decision in Blue Star Investments, Inc. v. Johnson, 801 So.2d 218 (Fla. 4th DCA 2001), to the extent it requires that inadequacy of price be applied to every attempt to set aside a foreclosure sale. The Fourth District correctly concluded that the requirement it adopted in Blue Star is contrary to the proposition set forth in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929). See Arsali, 79 So.3d at 847-48. The Fourth District further explained that it agreed with the Second District’s decision in Ingorvaia v. Horton, 816 So.2d 1256 (Fla. 2d DCA 2002), which established two tests that should be applied in judicial foreclosure sale set aside actions: (1) Brown should be applied when grounds other than inadequacy of bid price are at issue; and (2) Arlt v. Buchanan, 190 So.2d 575 (Fla.1966), should be applied when the inadequacy of the bid is at issue. See Arsali, 79 So.3d at 848-49.
Arsali filed a timely notice to invoke this Court’s jurisdiction for discretionary review. We granted review, considered the parties’ briefs, and held oral argument in this case.
ANALYSIS
The certified question of great public importance asked by the Fourth District is based on its conclusion that this Court’s decisions in Brown and Arlt are in conflict. See Arsali, 79 So.3d at 849 (“We agree with the second district that Brown can be read to conflict with Arlt, in that Brown states ‘that gross inadequacy of price alone is a sufficient ground to set aside a foreclosure sale whereas Arlt requires that other grounds must also be proven.’ ”). We address the premise from which the certified question springs by first stating our disagreement with the Fourth District’s conclusion that a conflict exists between Brown and Arlt. Regarding a certified question of great public importance, this Court undertakes de novo review of questions that present a pure question of law. See Boatman v. State, 77 So.3d 1242, 1247 (Fla.2011); Insko v. State, 969 So.2d 992, 997 (Fla.2007). Therefore, under our de novo review of the pure legal issue raised by the certified question of great public importance, we rephrase it as follows:
DOES INADEQUATE BID PRICE NEED TO BE ALLEGED AND PROVEN IN ORDER TO SET ASIDE A JUDICIAL FORECLOSURE SALE?
We answer our rephrased question in the negative.
I. No Conflict Exists between this Court’s Brown and Arlt Decisions
Our respective decisions in Brown and Arlt provide guidance about why the trial courts’ broad discretion to weigh the equities that were presented in those cases should have been upheld. Thus, as discussed below, our Brown and Arlt decisions are in harmony, even though the Fourth District (i.e., Arsali), Second District (i.e., Ingorvaia), and the Fifth District (i.e., Josecite v. Wachovia Mortgage Corp., 97 So.3d 265 (Fla. 5th DCA 2012)) read them as conflicting decisions.
In Brown, this Court heard an appeal from mortgagors who sought to vacate a judicial sale on grounds of “gross inadequacy of consideration, surprise and fraud imposed on complainants, irregularity in the conduct of the sale, and the admission of irrelevant and incompetent testimony.” Brown, 123 So. at 561. However, the trial *515 court denied their motion to set aside the sale, and dismissed the action. Id. This Court determined that the judgment below was based on competent, substantial evidence and affirmed it. Id. In Brown we plainly acknowledged our decisions in judicial foreclosure sale actions dating back to the turn of the twentieth century in this state. Id. We noted:
On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.
Id. Thus, we conclude that the Second, Fourth, and Fifth Districts have misread our Brown decision as establishing the basis for a test that should be applied when grounds other than inadequacy of bid price is at issue.
According to the district courts, Brown established the basis for a test that should be applied in judicial foreclosure sale cases when the adequacy of a bid price is not at issue. See Josecite, 97 So.3d at 266-67; Arsali, 79 So.3d at 848-49; Ingorvaia, 816 So.2d at 1257-58. In addition, the district courts assert Brown established that there are certain indispensable equitable factors that must be alleged and proven in actions to set aside judicial foreclosure sales. See id. The latter aspect of how our previous decisions have been misread will be further discussed in the following section of our analysis.
A plain reading of Brown shows that this Court was presented with the very list of equitable factors that we addressed in that opinion. Thus, the factors that were addressed in Brown did not establish the basis for a class of judicial foreclosure sale set aside cases in which adequacy of bid price was not at issue. Quite to the contrary, in Brown we stated:
Appellants instituted this suit in the circuit court of Suwannee [Cjounty to vacate and set aside a judicial sale of real estate on the ground of gross inadequacy of consideration, surprise and fraud imposed on complainants, irregularity in the conduct of the sale, and the admission of irrelevant and incompetent testimony. The chancellor declined to set the sale aside, and dismissed the bill. Appeal is taken from that order.
As to the last-named ground, it is sufficient to say that the chancellor heard the testimony, and his finding is amply supported by the competent testimony in the record. On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, he vacated and set aside on any or all of these grounds.
Brown, 123 So. at 561 (emphasis added). Here, we reemphasize that “this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all [equitable] grounds.” Id.
Similarly, according to the district courts, Arlt established the basis for a test that should be applied in judicial foreclosure sale cases when the adequacy of a bid price is at issue. See Josecite, 97 So.3d at 266-67; Arsali, 79 So.3d at 848-49; Ingorvaia, 816 So.2d at 1257-58.
In Arlt, a certiorari petition was filed with this Court to review a decision of the Third District. Arlt, 190 So.2d at 576. The petitioner had a judgment against her, and consequently a levy was attached to her real property. Id. The sheriff (of former Dade County) was duty-bound to exe *516 cute a sale of said property. Id. However, the sheriff was alleged to have executed the sale contrary to the requirements of Florida law; one notable impropriety included the conduct of the sale in a place other than the location that was advertised. Id. A third-party purchaser submitted a winning bid price of $1,000 on the levied real property that was appraised at $102,000, with a then-existing mortgage of $40,000. Id. The petitioner sought equitable relief to prevent the sheriff from executing and delivering the property deed to the third-party purchaser. Id. The equity court denied the parties’ motions for summary judgment and a motion to dismiss the complaint. Id. The third-party purchaser filed an interlocutory appeal. Id. In the ensuing interlocutory appeal, the Third District reversed the equity court’s judgment, holding “that an equity court does not have jurisdiction to enjoin execution sales unless fraud is clearly, positively!,] and unequivocally asserted as a'basis for such relief.” Id. (quoting Coral Constr. Corp. v. Arlt, 177 So.2d 890, 891 (Fla. 3d DCA (1965))). This Court quashed the district court’s decision and entered instructions for the equity court’s judgment to be reinstated. Id. at 578.
In Arlt we were mindful of our precedent, which held that equity courts’ shall have a primary role in ensuring that wrong results are corrected in actions pertaining to foreclosure sales. Id. at 577 (“The general rule is, of course, that standing alone mere inadequacy of price is not a ground for setting aside a judicial sale. But where the inadequacy is gross and is shown to result from any mistake, accident, surprise, fraud, misconduct or irregularity upon the part of either the purchaser or other person connected with the sale, with resulting injustice to the complaining party, equity will act to prevent the wrong result.”). We now clarify that this Court was not then establishing the basis for a test, purported by some of the district courts, that should be applied to judicial foreclosure sale set aside actions when the adequacy of the bid price is at issue. Once again, quite to the contrary, we explained why we disapproved of the purported test then applied by the Third District:
On appeal, the district court reversed on a ground not urged by either party, holding “that an equity court does not have jurisdiction to enjoin execution sales unless fraud is clearly, positively and unequivocally asserted as a basis for such relief.” As precedent, the district court cited the decision of this Court in [Parrish v. Joyner, 54 So.2d 50, (Fla.1951) ], and its own decision in [Goldfarb v. J.A. Cantor Associates, Inc., 123 So.2d 50 (Fla.3d 1960) ].
Neither of the cases cited by the district court, nor any of the cases cited in either of them, support its decision.
Id. at 576.
In this case, we write to clarify and correct any misunderstanding that Brown and Arlt conflict by asserting two points. First, in Arlt we did not intentionally overrule our previous decision in Brown sub silentio, because this Court does not engage in such practices. E.g., Roberts v. Brown, 43 So.3d 673, 683 (Fla.2010) (“Had we intended to overrule our prior declaration ... we would have done so in a more definite and express manner than the aforementioned language....”); Willis v. Gami Golden Glades, LLC, 967 So.2d 846, 875 (Fla.2007) (“[W]e do not recede from our cases sub silentio.”); Puryear v. State, 810 So.2d 901, 905 (Fla.2002) (“We take this opportunity to expressly state that this Court does not intentionally overrule itself sub silentio.”). This Court has never recognized that a conflict exists between Broum and Arlt. Second, we conclude that the Fourth District’s Arsali and *517 the Second District’s Ingorvaia analyses purporting to reconcile Brown and Arlt are unnecessary and improper. See Plaut v. Spendthrift Farm, Inc., 514 U.S. 211, 219, 115 S.Ct. 1447, 131 L.Ed.2d 328 (1995) (stating that the nature of judicial power is the dispositive judgments that stem from its use are reviewable only by superior courts); Bush v. Schiavo, 885 So.2d 321, 330 (Fla.2004) (quoting Plant regarding this proposition).
II. No Indispensable Equitable Factors Involved in Actions to Set Aside Judicial Foreclosure Sales
We observe that there is a presumption among the district courts that a single equitable factor (i.e., grossly inadequate bid price) or a specific combination of previously identified factors must be applied by the trial courts in order to set aside judicial foreclosure sales. We state that such a presumption is incorrect. The record in this case shows that the borrowers properly initiated a timely objection to the judicial foreclosure sale of their home, well within the 10-day period set forth in sections 45.031(5) and 45.031(8), Florida Statutes. The statute provides, in pertinent part:
(5) CERTIFICATE OF TITLE. — If no objections to the sale are filed within 10 days after filing the certificate of sale, the clerk shall file a certificate of title and serve a copy of it on each party in substantially the following form:
[[Image here]]
(8) VALUE OF PROPERTY. — The amount of the bid for the property at the sale shall be conclusively presumed to be sufficient consideration for the sale. Any party may serve an objection to the amount of the bid within 10 days after the clerk files the certificate of sale. If timely objections to the bid are served, the objections shall be heard by the court. Service of objections to the amount of the bid does not affect or cloud the title of the purchaser in any manner. If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles.
§ 45.031, Fla. Stat. (2010) (Judicial sales procedure). We note that none of the parties argued that Florida Rule of Civil Procedure 1.540(b) (Relief From Judgment, Degrees, or Orders — Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud; etc.) should apply in this case. And because the borrowers’ timely objection (i.e., motion to vacate) was not brought before the trial court under rule 1.540, we decline to address any application of the rule in this case.
Under Florida law, actions involving foreclosure of property are brought in courts of equity. See generally Josecite, 97 So.3d at 266; Wells Fargo Bank, N.A. v. Lupica, 36 So.3d 875, 876 (Fla. 5th DCA 2010). The Florida Legislature recognized the need for equitable remedies in foreclosure actions and, thus, codified that foreclosure cases involving mortgages will be tried in equity courts. See § 702.01, Fla. Stat. (2010) (Equity) (“All mortgages shall be foreclosed in equity. In a mortgage foreclosure action, the court shall sever for separate trial all counterclaims against the foreclosing mortgagee. The foreclosure claim shall, if tried, be tried to the court without a jury.”). But what is equity? One applicable definition of equity states that it is
a system of law (as in England and the U.S.) originating in the English chancery and comprising a settled and formal body of legal and procedural rules and doctrines that supplement, aid, or *518 override common and statutory law and are designed to protect rights and enforce duties fixed by substantive law.
Webster’s Third Int’l Dictionary 769 (1981). When it is necessary, Florida courts have powers at their disposal to provide equitable remedies to litigants. See generally Torres v. K-Site 500 Associates, 632 So.2d 110, 112 (Fla. 3d DCA 1994) (“Equity abhors forfeiture, and a party entitled to a forfeiture may be es-topped from asserting that right, if the result would be unconscionable.”); White v. Brousseau, 566 So.2d 832, 835 (Fla. 5th DCA 1990) (“Equity disregards all form and looks to the substance and essence of every matter.”); Cain & Bultman, Inc. v. Miss Sam, Inc., 409 So.2d 114, 119 (Fla. 5th DCA 1982) (“A maxim of equity is to the effect that equity treats that as being done which should be done.”); but see Wildwood Crate & Ice Co. v. Citizens Bank of Inverness, 98 Fla. 186, 123 So. 699 (1929) (“[E]quity will not act when there is a full, adequate, and complete remedy at law.”). Therefore, we reemphasize that the trial courts’ use of their equity powers in resolving disputes pertaining to judicial foreclosure sale set aside actions is essential.
In Brown, we affirmed the lower tribunal’s refusal to set aside a judicial sale without any regard to the list of equitable factors asserted by the appellants for a simple reason — the complainants failed to present to the chancellor any competent, substantial evidence that warranted equitable relief. See Brown, 123 So. at 561 (“On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this [Cjourt is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.”).
In Arlt, we concluded from the facts and circumstances in the record that it was necessary to quash the district court’s decision that reversed the trial court because the complainant failed to allege fraud as the reason for setting aside the execution sale. Arlt, 190 So.2d at 576. Furthermore, in Arlt we upheld the correctness of the equity court’s judgment to provide the petitioner leave to make a proper showing for why a set aside of the execution sale was warranted, stating:
The chancellor was apparently of the view that the petitioner had alleged sufficient grounds for setting aside the sheriffs sale, and on respondent’s motions to dismiss he was bound to consider the allegations as true. We think the chancellor acted correctly in denying the motions to dismiss thereby giving petitioner the opportunity to prove, if she can, that there were material irregularities in the proceedings incident to the sale and that they resulted in injustice being done to her as alleged.
Id. at 577-78.
Our decisions show that we have consistently held that the mere allegation of any single factor or any specific combination of factors is insufficient for litigants to prevail in an action seeking a set aside of a judicial foreclosure sale. Instead our previous decisions have consistently required that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale. See Ohio Realty Inv. Corp. v. S. Bank of W. Palm Beach, 300 So.2d 679 (Fla.1974).
In Ohio Realty Investment Corp., we recounted how our decisions have historically required trial courts’ judgments in judicial sale set aside actions to be based on proper showings for equitable relief in light of the circumstances presented:
*519 Upon examination of the record we are of the opinion that the willingness of the third party to have its bid made at the sale at a substantially higher amount than that for which the property actually sold, coupled with the discrepancy between the time at which the sale was advertised and the time at which it in fact occurred, are sufficient grounds for setting aside the sale and allowing the property to be resubmitted for bid in a proper manner. Levy v. Gourmet Masters, Inc., 214 So.2d 82 (Fla. 3d DCA 1968). As was so eloquently stated by our late, revered Chief Justice Glenn Terrell in Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561 (1929):
“On the question of gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale, this court is committed to the doctrine that a judicial sale may on a proper showing made, be vacated and set aside on any or all of these grounds.” Such a proper showing was made here
as is evident from the foregoing circumstances. Of particular application is our holding in Lawyers' Co-operative Pub. Co. v. Bennett, 34 Fla. 302, 16 So. 185 at 188 (Fla.1894).
Id. at 681-82.
In the Arsali decision on review, the Fourth District properly concluded there was competent, substantial evidence in the record before it to affirm the trial court’s judgments of vacation, and the dismissal of the final foreclosure judgment. The evidence presented to the trial court established that Chase and the borrowers executed a written agreement to settle the case before the judicial foreclosure sale took place. Nevertheless, the judicial foreclosure sale occurred and the borrowers’ residential property was sold. Pursuant to the borrowers’ timely objection, the trial court properly used its equity powers to set aside the sale and dismiss the final judgment of foreclosure. Thus, the Fourth District’s Arsali decision properly affirmed the equitable judgment that prevented a clear injustice to the parties who had agreed to settle the case below. The trial court’s judgment also provided for a full refund of the monies paid by the third-party purchaser of said real property.
We have long recognized that, when there is a proper showing, the trial courts in this state possess sufficient powers to ensure that “equity will act to prevent the wrong result” in judicial foreclosure sale disputes. Arlt, 190 So.2d at 577. Of course the trial courts acting in equity are not without limits in exercise of their broad discretion. Trial courts’ judgments pertaining to set asides of judicial foreclosure sales are now, as they always have been, subject to review by way of an abuse of discretion standard. E.g., Josecite, 97 So.3d at 267 (“In general, we review orders on motions to set aside foreclosure sales for an abuse of discretion.”); Simonson v. Palm Beach Hotel Condo. Ass’n, Inc., 93 So.3d 436 (Fla. 4th DCA 2012) (same proposition); see also Canakaris v. Canakaris, 382 So.2d 1197, 1203 (Fla.1980) (“If reasonable men could differ as to the propriety of the action taken by the trial court, then the action is not unreasonable and there can be no finding of an abuse of discretion. The discretionary ruling of the trial judge should be disturbed only when his decision fails to satisfy this test of reasonableness.”).
CONCLUSION
Accordingly, we approve the results of the Fourth District’s decision in Arsali to the extent the decision affirms the judgments of the trial court. The borrowers alleged and proved adequate equitable grounds for the trial court to set aside the *520 judicial foreclosure sale at issue and dismiss the foreclosure action. In light of the parties’ post-judgment settlement agreement, it is evident that the trial court’s judgment at issue did not pertain to a question about the bid price.
We hold that proof of an inadequate bid price is not a necessary requirement in an action to set aside a judicial foreclosure sale. We also expressly state that Brown and Arlt are not in conflict and, therefore, any determination or analysis to the contrary proffered by the district courts of appeal is disapproved.
It is so ordered.
PARIENTE, LEWIS, QUINCE, and LABARGA, concur.
POLSTON, C.J., and CANADY, J., concur in result.