MAY, J.
The borrower appeals an order denying his second amended motion to set aside a foreclosure sale. He argues the trial court erred in denying the motion because the lender’s bid was grossly inadequate and there was an irregularity in the sale.[1] We find no error and affirm.
Our supreme court has emphasized the equitable nature of foreclosure proceedings, which has been codified by our legislature. Arsali v. Chase Home Fin. LLC, 121 So.3d 511, 518 (Fla.2013). The trial court is empowered with the authority to ensure equity is done. Id. at 517-20.
To set aside a foreclosure sale, the law has “consistently required that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale.” Id. at 518. Those factors include “gross inadequacy of consideration, surprise, accident, or mistake ..., and irregularity in the conduct of the sale.” Moran-Alleen Co. v. Brown, 98 Fla. 203, 123 So. 561, 561 (1929). In Arsa-li, our supreme court advised that foreclosure sales may be set aside upon a showing of one or more of those factors. 121 So.3d at 518.
The trial court must determine if equity warrants that the sale be set aside. Id. at 519. A trial court’s decision on a motion to set aside a foreclosure sale will be affirmed absent a showing that the court abused its discretion, id.
Here, the lender, who had already obtained a foreclosure judgment against the borrower, submitted the winning bid at the foreclosure sale. The borrower objected to the sale and moved to set it aside, *152 asserting that the bid price was grossly inadequate and there was an alleged irregularity in the sale process. The trial court, sitting in equity, reviewed the factors, and found no justification to set aside the sale.
The question is not simply whether the bid price was grossly inadequate, but rather whether equity requires the sale be set. aside. The court did not abuse its discretion in denying the motion in this case. The lender was the bidder, not a third-party purchaser.
To the extent the borrower is concerned about a deficiency judgment, opr legislature has provided a remedy. Section 45.031(8), Florida Statutes (2014), provides:
The amount of the bid for the property at the sale shall be conclusively pre-súmed to be sufficient consideration for the sale_If the case is one in which a deficiency judgment may be sought and application is made for a deficiency, the amount bid at the- sale may be considered by the court as one of the factors in determining a deficiency under the usual equitable principles. - •
§ 45.031(8), Fla. Stat. (2014) (emphasis added).
While there is a legal presumption that the foreclosure bid is the fair market value of the property, the borrower has the ability to rebut that presumption by presenting evidence concerning the property’s fair market value should the lender seek a deficiency judgment. See Vantium Capital, Inc. v. Hobson, 137 So.3d 497, 499-500 (Fla. 4th DCA 2014).

Affirmed.

GROSS and KLINGEÑSMITH, JJ., concur.

. The alleged irregularity was the Clerk’s alleged failure to provide electronic terminals for the public’s use. The borrower failed to provide a transcript from which we can review this issue. Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).