# Third District Court of Appeal

## State of Florida

Opinion filed March 29, 2023.

_____

No. 3D22-1274
Lower Tribunal No. 19-23438
_____

**Shirley Sutton,**
Appellant,

vs.

**Wilmington Trust, N.A.**, etc., et al.,
Appellees.

_____

An appeal from a non-final order from the Circuit Court for Miami-Dade County, Migna Sanchez-Llorens, Judge.

Robert Flavell, P.A., and Robert Flavell (Celebration), for appellant.

Robert G. Post P.A., Robert G. Post, Troutman Pepper Hamilton Sanders LLP, and Amber Kourofsky (Atlanta, GA), for appellees.

Before EMAS, MILLER, and LOBREE, JJ.

MILLER, J.

ON MOTION FOR REHEARING

We grant the motion for rehearing, withdraw our prior opinion, and substitute the following opinion in its stead:

Appellant, Shirley Sutton, challenges an order denying her motion to vacate a foreclosure sale. On appeal, Sutton invokes the seminal case of Arsali v. Chase Home Finance, LLC, 121 So. 3d 511 (Fla. 2013), for the proposition that the trial court erred in categorically rejecting her motion on the basis she failed to establish fraud or an irregularity in the conduct of the sale. Because Sutton alleged facially equitable grounds for relief, we reverse and remand for further consideration.

**BACKGROUND**

After they defaulted on their obligations under their mortgage, Sutton and her husband consented to a final judgment of foreclosure in favor of appellee, Wilmington Trust, N.A. (the "Bank"). The judgment reflected an extended judicial sale date. Weeks before the sale was scheduled to convene, Sutton's husband unexpectedly passed away. Sutton and the Bank then separately sought to postpone the sale to finalize a refinancing agreement.

In the days leading up to the sale, the Bank prepared and circulated a proposed order canceling the sale. An inferior lienholder objected to both the form and substance of the order. Due in large part to the fact that a

2

holiday weekend preceded the sale date, neither Sutton nor the Bank obtained a hearing on their respective motions. The sale proceeded as scheduled, and a third-party was deemed the successful bidder.

Sutton timely filed a motion seeking to vacate the sale, detailing the miscommunication. The trial court convened a hearing but denied relief because Sutton failed to establish fraud or an irregularity in the conduct of the sale. The instant appeal ensued.

## STANDARD OF REVIEW

We ordinarily review an order denying a motion to set aside a foreclosure sale for an abuse of discretion. See Aparicio v. Deutsche Bank Nat'l Tr. Co., 278 So. 3d 814, 816 (Fla. 3d DCA 2019). Whether the trial court applied the correct legal standard in exercising such discretion, however, is subject to de novo review. See Paul v. Wells Fargo Bank, N.A., 68 So. 3d 979, 986 (Fla. 2d DCA 2011).

## ANALYSIS

In Florida, foreclosure actions are convened in equity. Tanis v. HSBC Bank USA, N.A., 289 So. 3d 517, 520 (Fla. 3d DCA 2019). Consequently, trial courts are guided by the adage that "equity will act to prevent the wrong result" in judicial foreclosure sales. Arsali, 121 So. 3d at 519 (quoting Arlt v. Buchanan, 190 So. 2d 575, 577 (Fla. 1966)). In accord with these principles,

3

a proper showing of one or more equitable factors, including "gross inadequacy of consideration, surprise, accident, or mistake imposed on complainant, and irregularity in the conduct of the sale," may support relief from such a sale. Moran-Alleen Co. v. Brown, 123 So. 561, 561 (Fla. 1929).

In the instant case, Sutton alleged she erroneously believed the Bank had obtained an order canceling the sale. The trial court found that, in the absence of irregularity in the conduct of the sale or fraud, relief was unavailable. This limitation on relief was eschewed by the Florida Supreme Court in Arsali, 121 So. 3d at 517. There, the court approved a Fourth District Court of Appeal decision affirming a ruling granting relief to borrowers on equitable grounds. Id. at 519. The borrowers asserted mistake and proved that the bank "neglected to arrange for the cancelation of the foreclosure sale with the clerk of court . . . [and they] were not aware that the scheduled judicial sale of their residence had not been canceled." Id. at 513. In approving the Fourth District's decision, the Supreme Court observed:

> [T]here is a presumption among the district courts that a single equitable factor (i.e., grossly inadequate bid price) or a specific combination of previously identified factors must be applied by the trial courts in order to set aside judicial foreclosure sales. We state that such a presumption is incorrect.

Id. at 517. The Court further expounded:

> Our decisions show that we have consistently held that the mere allegation of any single factor or any specific combination of

4

factors is insufficient for litigants to prevail in an action seeking a set aside of a judicial foreclosure sale. Instead our previous decisions have consistently required that litigants allege one or more adequate equitable factors and make a proper showing to the trial court that they exist in order to successfully obtain an order that sets aside a judicial foreclosure sale.

Id. at 518.

Arsali and its progeny have clarified that relief may lie to relieve a party from the consequences of a mutual mistake in fact surrounding the scheduling of a foreclosure sale. In Gavidia v. Specialized Loan Servicing, LLC, 301 So. 3d 413, 415 (Fla. 2d DCA 2020), a mortgage loan servicer and mortgagor agreed to reinstate a loan prior to a foreclosure sale and subsequently filed respective motions to cancel the sale. Neither motion was heard before the sale, and the trial court later denied a motion to vacate the sale, in part, because there were no allegations of irregularities in the sale itself. Id. at 417. Underscoring Arsali's commitment to the principle that a judicial sale may be vacated and set aside on any or all well-pled equitable grounds, the Second District concluded that the trial court "applied an incorrect legal standard and failed to consider the equitable grounds alleged as Arsali allows." Id. The court expressly indicated, "[o]n remand, the trial court should consider the equitable grounds alleged . . . with a hearing to allow those equitable grounds to be established." Id. at 418.

5

Confronting a similar factual scenario, the Fifth District Court of Appeal adopted the same approach. In Josecite v. Wachovia Mortgage Corp., 97 So. 3d 265, 266 (Fla. 5th DCA 2012), the lender and mortgagors entered into a forbearance agreement days before a foreclosure sale. Notwithstanding the agreement, the sale proceeded as scheduled. Id. The mortgagors sought equitable relief from the sale. Id. The trial court denied the mortgagors' motion on the basis that the sale price was not grossly inadequate or irregular. Id. The Fifth District remanded, reasoning that "[t]he trial court's conclusion that a foreclosure sale may only be vacated for a grossly inadequate bid price or other sale irregularity deprives the courts of their equitable powers." Id. at 267.

The facts of this case are on all fours with Arsali, Gavidia, and Josecite. Accordingly, remand is warranted for reconsideration of the equitable grounds alleged.[1]

Reversed and remanded.

---

[1] We reject the successful bidders' contention that section 702.036, Florida Statutes (2019), bars relief, as this issue was neither raised nor litigated below. See Est. of Herrera v. Berlo Indus., Inc., 840 So. 2d 272, 273 (Fla. 3d DCA 2003) ("[I]ssues not presented in the trial court cannot be raised for the first time on appeal.").